LYDIA A. TEWKSBURY, APPELLEE, V. CITY OF LINCOLN,
APPELLANT.

FILED JUNE 11, 1909.    No. 15,733.

1. **Cities**: DEFECTIVE SIDEWALKS: LIABILITY. The making, improving,
   repairing, keeping in repair and in a safe condition, of streets
   and sidewalks by a municipal corporation relate to its corporate
   interests only, and it is liable for the wrongful or negligent acts
   of its agents in performing such duties. *Burke v. City of South
   Omaha*, 79 Neb. 793.

2. ——: ——: INJURY: NOTICE. Where a sidewalk is rendered
   temporarily dangerous by the positive negligent act of a city of
   the first class, and a person in passing over it, immediately or
   within less than 5 days thereafter, and in the absence of con-
   tributory negligence, receives a personal injury, the provisions of
   section 110 of the charter (Comp. St. 1907, ch. 13, art. I), re-
   quiring five days' notice of the dangerous condition of the walk
   to be given the city before the accident, cannot be applied, and
   the city will be held liable for damages sustained by the person
   injured.

3. ——: ——: ——: CONTRIBUTORY NEGLIGENCE. Evidence ex-
   amined and it is not found as a matter of law that plaintiff was
   guilty of contributory negligence.

4. **Appeal**: AFFIRMANCE. There being no specific objections offered to
   instructions given, nor to the refusal of the trial court to give an
   instruction asked, and upon an examination of the whole record
   it appearing that the case was fairly submitted to the jury, and
   no prejudicial error is found to have been committed, the judg-
   ment of the district court will be affirmed.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*John M. Stewart* and *T. F. A. Williams,* for appellant.

*Halleck F. Rose* and *Wilmer B. Comstock, contra.*

REESE, C. J.

This was an action against the city of Lincoln for per-
sonal injuries resulting from a fall upon the sidewalk
crossing occasioned by the accumulation of ice caused by
the leaking of water from the hydrant and hose in use in

flushing a sewer. There is scarcely any dispute as to the facts, either as to the condition of the crossing caused by defendant, or the injury resulting from the fall. On Saturday, the 8th day of December, 1906, a sewer drain became clogged or dammed, and a hose was attached to a hydrant on the corner of Twelfth and O streets, and the water was carried through it to the opening in the sewer for the purpose of flushing said sewer. At the point of the union of the hose with the hydrant there was a leak, and the water was driven out upon the sidewalk and upon the bridge connecting the sidewalk with the street crossing, the bridge having a descent from the sidewalk to the street crossing of about three inches in two or three feet. During the night the water thus thrown upon the sidewalk and bridge froze, forming a thin, smooth coating of ice. On the afternoon of Sunday, the 9th, while the men were still at work, plaintiff with another lady was passing over the sidewalk and bridge on their way to church, when plaintiff stepped upon the ice, fell and broke her arm near the wrist, probably permanently injuring the arm. The negligence charged against the city was that of causing the dangerous condition which it is claimed might have been avoided by the exercise of ordinary care. It appears that during Saturday night the officers and employees of the city, observing the flow of water upon the sidewalk and bridge, caused a cloth to be wrapped upon the part where the water escaped, to prevent it from being thrown upon the walk and bridge, but no precaution was taken to prevent accidents to persons passing over the freezing water, and the testimony on the part of plaintiff is that the spraying and freezing continued on Sunday. On that day it was quite cold, and there was ice upon that part of the bridge over which plaintiff passed, which was not noticed by her, and she fell, inflicting the injury. The sidewalks and streets elsewhere were dry. Damages were laid in the petition at $5,000. A trial was had which resulted in a verdict in favor of plaintiff for $550, upon which judgment was ren-

dered.  Defendant appeals.  There is no contention that the judgment is for too great an amount, assuming that defendant is liable at all, but it is contended, first, that under section 110 of the city charter there is no liability, and, second, that the city cannot be held responsible, in any event, for the negligent acts of its officers and employees.

1. The section of the charter above referred to is as follows: "Cities of the first class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof within such cities, unless actual notice in writing of the defect of such public way or sidewalk shall have been filed with the city clerk at least five days before the occurrence of such injury or damage.  In the absence of such notice, so filed, the city shall not be liable and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."  Comp. St. 1907, ch. 13, art. I, sec. 110.  It is contended by defendant that, in the absence of a compliance with this section, no action can be maintained, and that the court erred in refusing to direct the jury to return a verdict in favor of defendant; that, if defendant is "absolutely exempt" from liability for damages by reason of defective sidewalks unless actual notice thereof be given in writing five days before the occurrence of the accident, the court should have so directed the jury.  As no notice was given, and, confessedly, none could have been given five days before the accident, it is claimed that defendant is not liable.  Upon the other hand, it is contended by plaintiff, and we think, with the better reason, that defendant cannot shield itself from liability for a negligent act of which it is of itself guilty and which is immediately followed by the injury; that the statute does not contemplate exemption from such negligent act; and, further, that all the knowledge that could possibly result from the giving of the notice, were it possible to give it, was already possessed by the city officers.

We have not been cited to any adjudications under an exactly similar statute, but think many of the cases cited by plaintiff are in point, on principle, and that their logic must be applied to this case. The line of demarcation between plaintiff and defendant appears to be the distinction between cases which involve the governmental function of municipal corporations and those of corporate duties and obligations of a semiprivate character imposed by law. It has been repeatedly held by this court that it is the duty of cities to keep and maintain its streets and sidewalks in repair and safe for public use. *City of Lincoln v. Walker,* 18 Neb. 244; *City of Omaha v. Jensen,* 35 Neb. 68; *Davis v. City of Omaha,* 47 Neb. 836; and others which need not be here cited.

The case of *Gillespie v. City of Lincoln,* 35 Neb. 34, was where the plaintiff in the action was struck and injured by a wagon of the fire department, and the city was held not liable on the ground that the duties of that department were not municipal or corporate duties with which the corporation is charged in consideration of charter privileges, but are police or governmental functions which could be discharged equally well through agents appointed by the state, though usually associated with and appointed by the municipal body. But we said, on page 45: "The cases cited by plaintiff may be said to sustain the proposition that the law imposes upon a city the duty to keep its streets in a reasonably safe condition for use by the public, and for a neglect of that duty it will be answerable. They are plainly distinguishable from those to which we have referred, since the duty of the city with reference to its streets is a corporate duty. As said by Judge Folger in *Maxmilian v. Mayor,* 62 N. Y. 160: 'It is a duty with which the city is charged for its corporate benefit to be performed by its own agents as its own corporate act.' This distinction is made also in *Ehrgott v. Mayor,* 96 N. Y. 264, one of the cases cited by plaintiff. To the extent that the exemption of a city from liability for acts of officers herein enumerated af-

fects the general rule of liability for obstruction of the streets of the city it must be held to be an exception thereto—an exception based upon a public policy which subordinates mere private interests to the welfare of the general public."

*Burke v. City of South Omaha*, 79 Neb. 793, did not involve the exact question presented in this case, but the distinction between the two classes of cases is clearly pointed out and discussed, and a mere reference to it must be sufficient. We quoted with approval the following from a note to *McMahon v. City of Dubuque*, 70 Am. St. Rep. 143 (107 Ia. 62), "Municipal corporations, acting within the purview of their authority, and in their min-isterial or corporate character, in the management of property for their own benefit, or in the exercise of powers, assumed voluntarily for their own advantage, are impliedly liable for damage caused by the negligence of their officers and agents, though they may be engaged in some work that will inure to the general benefit of the municipality. Grading streets, cleansing sewers, or keeping wharves in safe condition, from which a profit is derived, are duties of this character." See, also, *Shinnick v. City of Marshalltown*, 137 Ia. 72; *Hitchins Bros. v. Mayor*, 68 Md. 100; *Esberg Cigar Co. v. City of Portland*, 34 Or. 282; *Carson v. City of Genesee*, 9 Idaho, 244. Further discussion would seem to be unnecessary.

2. Is the five days' notice required in the section above quoted necessary? In other words, can the provisions of the section be applied to cases of this kind? We think not. To hold that five days' notice should be given for a wrong committed by the city itself one hour, or one day, before the occurrence of the accident, and of which the city already has absolute knowledge, would be in the highest degree ludicrous and attribute to the lawmaker a want of foresight, insight and comprehension which we cannot do. It is true that the statute provides that the city shall be "absolutely exempt from liability" unless such notice be given, but we must give a reasonable construc-

tion to the language of the act.   The law never requires
an impossible thing.   The section presupposes that the
defect in the public way must have existed at least five
days, otherwise the notice would be impossible.   But,
even if the notice should be held necessary where the
defect is caused by the elements, or the unauthorized act
of third parties, it could not with any degree of reason
be said that it could be required where the danger was
created by the negligent act of the city itself.   Suppose
a deep water or sewer-way trench was excavated across
the street just before dark, and no lights or other signals
of danger were placed to warn those using the street of its
condition, and a person in passing over the street in the
dark night, two hours later, with no knowledge of what
had been done, should receive an injury by driving or
falling into the opening, could one say, that the legis-
lature had in mind such a circumstance and require the
five days' notice of the condition of the street?   We think
not.   In *City of Lincoln v. Calvert,* 39 Neb. 305, it is said
in the syllabus: "While a city is liable only for injuries
resulting from defects brought to its notice or existing
under such circumstances that ignorance of the defect
amounts in itself to negligence, still, when the defect is
caused by the direct act, order, or authority of the city,
notice is necessarily implied."   In *City of Omaha v. Jen-
sen,* 35 Neb. 68, we said (quoting from the syllabus):
"Where a city causes an excavation to be made in a pub-
lic street, it cannot plead want of notice of the failure to
erect barriers to prevent accidents by falling into the ex-
cavation.   It is its duty to see that such  barriers are
erected and kept up."   In the body of the opinion it is
said: "It is claimed that the city is not liable, because
it had no notice, either actual or constructive.   In a case
of this kind no notice is necessary.   The city had au-
thorized the excavation in question, and it was its duty
to see that the proper guards were placed around it."   See,
also, *Adams v. City of Oshkosh,* 71 Wis. 49; *City of
Springfield v. Le Claire,* 49 Ill. 476; *Barton v. City of*

*Syracuse,* 36 N. Y. 54; *City of Houston v. Isaacks,* 68 Tex. 116, 3 S. W. 693; *Still v. City of Houston,* 27 Tex. Civ. App. 447, 66 S. W. 76; 28 Cyc. 1389, note 9.

3. It is suggested that plaintiff was guilty of contributory negligence in stepping on the icy sidewalk and bridge. We find nothing in the evidence by which we can say as a matter of law that plaintiff was guilty of contributory negligence. That question was submitted to the jury under proper instructions, and their finding will have to stand.

4. Complaint is made of two instructions given and one asked by defendant and refused. They are too long to be here copied, nor is it necessary to do so, as there is no specific criticism, and the instructions given fairly covered the whole case, as well as the one refused, and we find no error in them.

The judgment of the district court is

AFFIRMED.