DOROTHY L. MCAULIFFE, APPELLANT, V. ALFRED B. NOYCE,
APPELLEE.

FILED APRIL 23, 1910.   No. 15,957.

Cities: DEFECTIVE SIDEWALKS: LIABILITY OF ABUTTING OWNER: PETI-
TION.  Under sections 120, 121, ch. 12a, Comp. St. 1907, empower-
ing the mayor and council of the city of Omaha to repair side-
walks with "such material and in such manner as they deem
necessary", and making owners of abutting property liable for
all damages occasioned by their failure to keep adjacent side-
walks in repair, a petition to recover from an abutting owner
damages for personal injuries resulting from his failure to repair
an adjacent sidewalk *held* demurrable, where it did not allege
that the city in notifying defendant to make repairs indicated
the manner of making them or the kind of materials to be used.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE.  *Affirmed.*

*James C. Kinsler*, for appellant.

*William Baird & Sons, contra.*

ROSE, J.

Plaintiff in her petition states that at 9:30 o'clock P.
M., July 8, 1907, she stepped in a hole in a dangerous,
wooden sidewalk in front of a lot owned by defendant in
the city of Omaha, and as a result sustained personal in-
juries to the extent of $1,999.99, through the negligence
of defendant in failing to repair the sidewalk within 20
days after he had been notified by the city to do so.  The
trial court sustained a demurrer to her petition, and from
a dismissal of her suit she has appealed.

The sufficiency of the petition is the only question
presented.  Plaintiff seeks to hold defendant liable for
damages under the following statutory provision, which
was part of the Omaha charter at the time of the injury:
"Where the owner or owners of abutting property fail to
keep in repair the sidewalk adjacent thereto they shall

be liable for all damages or injuries occasioned or recovered by reason of the defective or dangerous condition of such sidewalk." Comp. St. 1907, ch. 12a, sec. 121. One of the grounds on which defendant resists liability under this provision is that he was not properly notified by the city to repair the walk, there being nothing in the notice pleaded to indicate the manner of making repairs or the kind of materials to be used. Plaintiff's allegations as to notice are: "That on the 30th day of April, A. D. 1907, the city of Omaha, Nebraska, having authority so to do, by resolution number 1713, ordered and directed the defendant to repair said sidewalk; that said resolution and order were published as required by law, and a notice of such order and resolution was mailed to defendant by registered letter, and receipt therefor was returned to the city clerk of said city of Omaha, signed by George G. Wallace, defendant's agent, then in charge of said lot and the buildings thereon."

The nature and extent of the repairs required and the manner of making them are not stated in the notice. The kind of materials to be used is not mentioned. Plaintiff did not set out in her petition or attach to it a copy of the resolution. Was the notice pleaded sufficient to require defendant to repair the sidewalk at the peril of becoming liable for all damages resulting from his failure to do so, and of subjecting his property to a lien for the cost of any repairs which the city might subsequently make? · The fee of the street is in the city, and the sidewalk is part of the street. *Davis v. City of Omaha,* 47 Neb. 836. It is the duty of the city to keep its sidewalks in repair and in a safe condition for public use. *City of Lincoln v. Janesch,* 63 Neb. 707; *Tewksbury v. City of Lincoln,* 84 Neb. 571. It was not relieved of that duty by the enactment requiring owners of abutting property to repair adjacent sidewalks. The charter in force at the time of the accident declared: "The mayor and city council shall have power to construct or repair sidewalks along any street or part thereof of such material and in

such manner as they deem necessary, and to assess the cost thereof upon abutting property." Comp. St. 1907, ch. 12*a*, sec. 120.

The section containing the provision upon which plaintiff relies is as follows: "Where the grade of any street or part of a street has not been established, or where a street has not been worked or filled to the established grade, or where a street has been graded but does not conform to the established grade, the owners of lots or lands abutting on such street shall only be required to construct or repair such sidewalks along such streets with brick, macadam or such other material, except stone or artificial stone, as the mayor and council may direct. No wooden sidewalks shall be constructed by the city and the cost thereof assessed upon the abutting property, except where the mayor and council may deem it inadvisable to build permanent sidewalk and shall by concurrent resolution order such wooden walk to be constructed. Before any sidewalk shall be constructed or repaired by this city the owner or owners of the lots or lands to be assessed shall be given notice to construct or repair such sidewalk and shall have twenty days after the giving of such notice within which to construct or repair the same. Such notice shall be served or published as directed by ordinance and if such notice be by publication it shall be sufficient to address such notice to its owner generally. The city clerk shall give an additional notice by registered letter directed to the last known address of such owners or their agents, but the failure to give such additional notice shall not invalidate such proceedings or the special assessment for such sidewalk. In case the owner or owners shall fail to construct or repair such sidewalk as directed the city may construct or repair said walk and assess the cost thereof upon the abutting property. Sidewalks constructed under the provisions of this act shall not exceed four feet in width except when constructed upon streets conforming to the established grade. Where the owner or owners of abutting property fail to keep in

repair the sidewalk adjacent thereto they shall be liable for all damages or injuries occasioned or recovered by reason of the defective or dangerous condition of such sidewalk." Comp. St. 1907, ch. 12a, sec. 121.

Under the law, therefore, the city owns and controls the sidewalk space, and the mayor and council have power "to construct or repair sidewalks along any street or part thereof *of such material and in such manner as they deem necessary."* The occasion for making repairs, the extent thereof, and the kind of materials to be used are matters committed to the mayor and council. "Before any sidewalk shall be constructed or repaired by this city," says the charter, "the owner or owners of the lots or lands to be assessed shall be given notice to construct or repair such sidewalk and shall have twenty days after the giving of such notice within which to construct or repair the same." The adjacent owner has not been given authority to determine the extent of the repairs, the manner of making them, or the kind of materials necessary. On the other hand, the mayor and council have power to construct or repair walks with "such material and in such manner as they deem necessary." The legislature left these matters in the hands of city officers. That authority has not been divided between them and private individuals. As to materials and manner of making repairs, both power and responsibility rest on public officers. This was clearly the intention of the legislature. In no other way could uniformity in materials and construction be expected. The kind of materials and manner of making repairs being within the exclusive control of the mayor and council, a notice involving such serious consequences as liability of a lot owner for injuries to persons using the adjacent sidewalk and for liens for repairs should contain sufficient information to enable him to perform the duties imposed by statute. If he should assume to exercise his own judgment in selecting materials and in making repairs, there would be no certainty that the city officers would not interfere, or that his work would

not be condemned. When all provisions of the charter are considered, a lot owner is not required to repair an adjacent sidewalk until he has been notified by the city to do so, and in absence of such notice he is not liable to pedestrians for damages for personal injuries. Statutes of like import have been thus construed. *City of Lincoln v. Janesch,* 63 Neb. 707; *Martinovich v. Wooley,* 128 Cal. 141. The kind of materials to be used and the manner of making repairs should be indicated in the notice. Reasons for this conclusion are found in the following language approved by this court in *City of Lincoln v. Janesch,* 63 Neb. 707: "The lot owner has no choice as to the kind of repairs. It is very evident that the kind of repairs to be made, and the material to be used, are under the control of the street superintendent. If a lot owner proceeds of his own motion to repair, the street superintendent may stop him, compel him to change or remove what he has done, and require him to repair differently. Surely, if the lot owner must repair of his own motion, and owes that duty to every passer-by, on pain of damages for injuries, he ought to know definitely what he is to do. He can hardly owe a definite duty when he has no means of knowing how to discharge it." *Toutloff v. City of Green Bay,* 91 Wis. 490.

The notice pleaded by plaintiff was insufficient in the respects stated, and for that reason the demurrer to her petition was properly sustained.

AFFIRMED.