WILLIAM HARRY GILBERT, APPELLEE, V. WELCH RESTAURANT COMPANY: CITY OF OMAHA, APPELLANT.

FILED JANUARY 22, 1932. NO. 27970.

*John F. Moriarty, Harry B. Fleharty, Thomas J. O'Brien* and *Bernard J. Boyle,* for appellant.

*Mullen & Morrissey, James H. Hanley, Paul P. Massey* and *Arthur Mullen, Jr., contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

DEAN, J.

This is a personal injury action from Omaha wherein William Harry Gilbert alleged that on or about December 19, 1929, an electric display sign or billboard fell from the top of a two-story building to the sidewalk, striking him and thereby inflicting severe and permanent injuries upon his person. The building was owned by Gertrude M. Welch and George Seletos, and was then occupied by the Welch Restaurant Company. The city of Omaha was joined in the action as a party defendant. Subsequently a settlement for $14,000 was effected as between Gilbert and the defendants Gertrude M. Welch, George Seletos, and the Welch Restaurant Company. Thereupon the action proceeded as against the city of Omaha alone. Upon submission the jury returned a verdict for $6,500 in favor of the plaintiff. The city has appealed.

Counsel for the city contend that a defective structure on private property is not a defect in a public highway giving rise to municipal liability for injuries. Section 14-801, Comp. St. 1929, so far as applicable here, provides that no city shall be liable for damages arising from defective streets, alleys, sidewalks, public parks, or other public places, unless notice of the nature and extent of the injuries shall have been given to the city within ten days after the injuries were incurred. It may here be observed that notice of the plaintiff's injuries was given to the city within the time above pointed out. And section 14-802, Comp. St. 1929, provides that cities of the metropolitan

class shall be exempt from liability for damages for injuries by reason of defective public ways or sidewalks, unless notice of the defective condition shall have been filed with the city authorities within five days before the accident. No notice was given in the present case of the defective condition of the billboard prior to the accident.

It may be noted that the defective condition of the billboard, owing to its elevated condition, was not perceptible to the public generally as a menace to pedestrians. Nor does it appear that the billboard constituted a defect in the street or sidewalk within the meaning of the above cited sections of the statute requiring notice of such defect. It has been held: "Objects which have no necessary connection with the roadbed or relation to the public travel thereon, and the danger from which arises from mere casual proximity and not from the use of the road for the purpose of traveling thereon, will not as a general rule render the road defective." *Hewison v. New Haven,* 34 Conn. 136, 91 Am. Dec. 718. See *Andresen v. Lexington,* 240 Mass. 517; *Bohm v. Racette,* 118 Kan. 670. See, also, *Muffley v. Village of St. Edward,* 110 Neb. 572; *Lund v. City of Seattle,* 99 Wash. 300; *Langan v. City of Atchison,* 35 Kan. 318. And it is elementary that it is the duty of municipal corporations to maintain its streets in a safe and proper condition for pedestrians, and this duty extends to such dangers as are contiguous to such streets. *Town of New Castle v. Grubbs,* 171 Ind. 482.

It does not appear that any permit was ever issued at any time by the city for the erection of the billboard in question here. Nor does it appear that the billboard was inspected at the time of its erection or at any time thereafter. But the fact that the city authorities did not know of the faulty condition of the billboard does not relieve the city from liability in the premises. In *Shippey v. Kansas City,* 254 Mo. 1, the city was held liable for injuries resulting from negligence in its failure to repair a defective billboard, "when it had timely notice of, or by the use of ordinary care and watchfulness could have discovered, the

defect in time to have prevented the injury" there complained of. And it was also held in the *Shippey* case that the city was not to be relieved from liability through negligence on the part of the proper officer to make a sufficiently frequent examination of the billboard to have discovered the defect in time to prevent the accident. We have held: "The making, improving, repairing, keeping in repair and in a safe condition, of streets and sidewalks by a municipal corporation relate to its corporate interests only, and it is liable for the wrongful or negligent acts of its agents in performing such duties." *Tewksbury v. City of Lincoln*, 84 Neb. 571. See *Sheets v. City of McCook*, 95 Neb. 139.

There is evidence tending to prove that the billboard here in question was insecurely fastened and that the braces were decayed and rotted. But the city complains of the admission of evidence in respect of the condition of the billboard, for the reason that it is alleged the city had no knowledge of any investigation nor was it ever advised in respect of the result of any inspection thereof. It appears, nevertheless, that a sign painter testified that, in the year prior to the accident herein, he refused to paint the billboard in suit, for the reason that it was impossible, owing to the decayed condition of the billboard, to safely and securely fasten a scaffold thereon. The evidence of this witness was clearly admissible from the fact that it fairly disclosed the decayed condition of the billboard. *Bemis v. City of Omaha*, 81 Neb. 352. The city contends that the defect in the construction of the billboard may have been latent and may not have been discovered had an inspection thereof been made. But, even if an inspection of the billboard had not revealed its true condition, the question was nevertheless one for the jury. We do not think the court erred in admitting the evidence in respect thereof. It does not appear to us that the city should be relieved from liability herein; and this from the fact that the defective condition of the billboard could have been discovered by the exercise of ordinary care and diligence on the part of the proper officers of the city in the inspection thereof.

The city complains that the verdict is excessive and that the settlement between the plaintiff and the defendants Welch, Seletos, and the Welch Restaurant Company sufficiently compensates him for his injuries. It is to be noted, however, that the plaintiff at the time of the accident was 27 years of age, married, and the father of two infant children. From the testimony of his physicians, it appears that the plaintiff's injuries are of a permanent nature. The record discloses that his skull was fractured, and that the bones were shattered and driven into his brain, from which fragments were removed. A considerable area of the brain is now exposed without covering, thereby causing a delicate condition. It also appears that the plaintiff's jaw bones were badly crushed and that it became necessary to replace some of his teeth which were out of alignment. The bones in the back of his left hand were broken, and his left knee also was broken, and the plaintiff will be unable to do any manual labor in the future. We do not think, in view of the record, that the verdict is excessive.

The city also makes this contention, namely: "With the theory of liability for failure to abate a nuisance withdrawn, the trial court substituted a theory of liability for negligence not involved in the petition and wrongfully submitted said theory to the jury." The petition, however, alleges that the city negligently permitted the billboard in question to remain in the unsafe condition and that the billboard therefore constituted a nuisance. Upon an examination of the petition, we do not think there is merit in the contention of the city, nor do we find that the court erred in submitting the question of negligence of the city to the jury.

The judgment is

AFFIRMED.