RUDOLPH LINDEMANN, PLAINTIFF-RESPONDENT, v. F. W. WOOLWORTH COMPANY, A CORPORATION, DEFEND-ANT-APPELLANT, WASHINGTON DEVELOPMENT COMPANY, A CORPORATION, S. S. KRESGE COMPANY, A CORPORATION, AND BERWICK CORPORATION, DEFENDANTS.

Argued May 17, 1939—Decided September 22, 1939.

For the plaintiff-respondent, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory,* of counsel).

For the defendant-appellant, *Carey & Lane* (*Robert Carey, Harry Lane* and *David A. Pindar,* of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff-respondent, Rudolph Lindemann, recovered a judgment in the Hudson County Court of Com-

mon Pleas against the defendant-appellant, F. W. Woolworth Company (hereinafter called Woolworth Co.), for personal injuries suffered by him as a result of a fall on the sidewalk on Bloomfield street, Hoboken, in front of premises occupied by Woolworth Co. as lessee. Woolworth Co. appealed to the Supreme Court where the judgment was affirmed, 121 *N. J. L.* 614. From that affirmance comes this appeal.

We conclude that the Supreme Court was in error in not reversing the judgment below. Under the facts and the settled law there was no liability on the part of Woolworth Co. and a nonsuit should have been allowed by the trial court.

Lindemann was walking along the sidewalk at about four o'clock on the morning of February 10th, 1935; it was dark and a light fall of snow covered the ground.

The premises occupied by Woolworth Co. fronted on Washington street, where its store was located, and ran through to the street in the rear, Bloomfield street, where it had a yard and a driveway across the sidewalk leading into the premises. It was on the sidewalk of Bloomfield street where Lindemann fell. The sidewalk was of concrete, abutting the curb, and was about nine feet in width. Between it and the building line, where a fence was located, was an unpaved space of about ten feet in width consisting of dirt and cinders and depressed a few inches below the level of the concrete sidewalk. As Lindemann reached the south end of the premises, walking in a northerly direction, he walked a few steps along the paved sidewalk in question when he stepped, or slipped, off the sidewalk onto the unpaved lower level, fell to the ground and was injured.

At that time Woolworth Co. was in possession of the premises under a lease and had been since about January 1st, 1934.

The sidewalk had been constructed in 1927, when the defendant S. S. Kresge Company was in possession under a lease, and had remained unchanged until the date of the accident.

The Woolworth Co. lease is not before us, and what its provisions may be with respect to its obligation to the lessor to make repairs, or otherwise, are not shown.

It does appear that about seven months after the accident

Woolworth Co. did, in fact, pave the space along the concrete sidewalk and between it and the building line, but surely that fact can in no way fix upon it any obligation or duty owing to Lindemann or any third party using the sidewalk. Lindemann was not using this sidewalk at the implied invitation of Woolworth Co. to enter its place of business, but was a pedestrian, using the sidewalk as such, without any relationship or concern with the occupant or owner of the premises.

The law is well settled in this state that owners or occupants are under no duty to keep in repair sidewalks in front of the premises owned or occupied by them. They are not liable for defects caused by wear and tear by the elements or by public use. *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *McKeown* v. *King,* 99 *Id.* 251; *Braelow* v. *Klein,* 100 *Id.* 156; *Ford* v. *Jersey Central Power, &c., Co.,* 111 *Id.* 112; *Volke* v. *Otway,* 115 *Id.* 553; *Schwartz* v. *Howard Savings Institution,* 117 *Id.* 180.

Liability does exist, however, where damage is caused by the wrongful act of the owner or occupant. *Davis* v. *Tallon,* 91 *N. J. L.* 618; *Prange* v. *McLaughlin,* 115 *Id.* 116; *Savarese* v. *Fleckenstein,* 111 *Id.* 574; *affirmed,* 114 *Id.* 275.

In the instant case Woolworth Co. was guilty of no wrongful act. As before stated, it did not alter or change the existing condition of the sidewalk as it was when it came into possession. For present purposes we must assume that this sidewalk was defectively constructed so as to constitute a nuisance, or if not defectively constructed it had later on become a nuisance and was such at the time of the accident. Even so, Woolworth Co. not having constructed the sidewalk was guilty of no wrongful act. Being a tenant would alone not make it liable. *Braelow* v. *Klein, supra; Schwartz* v. *Howard Savings Institution, supra; Krieg* v. *Timken,* 102 *N. J. L.* 307; *McLaughlin* v. *Hackensack Food Center, Inc.,* 119 *Id.* 299.

We think that the principal enunciated by the late Chief Justice Gummere in the cases of *Meyer* v. *Harris,* 61 *N. J. L.* 83, and *Ackerman* v. *Ellis,* 81 *Id.* 1, is applicable and should be followed. In those cases it was held that a tenant is not

responsible in damages to a third person for maintaining and keeping in repair upon the demised premises a structure erected thereon prior to the tenancy which operates to the nuisance of a third party.

The cases relied on by respondent we think are distinguishable from the instant case. For example, in *Glass* v. *American Stores Co.*, 110 *N. J. L.* 152, while the holding was against the tenant for sidewalk injuries due to a defectively constructed sidewalk it did not appear that the said condition existed before the defendant tenant entered into possession of the premises. The fact was that it had existed for only a month before the injury to the plaintiff as was pointed out by Mr. Justice Donges in his discussion of the case in his opinion in *McLaughlin* v. *Hackensack Food Center, Inc., supra.* In *Durant* v. *Palmer,* 29 *Id.* 544, the areaway into which the plaintiff fell and was injured was created by the owner, but actually used by the tenant, which latter fact made the tenant liable. So in *McKeown* v. *King, supra,* the tenant was held liable where the tenant used the drain across the sidewalk and allowed it to become out of repair.

In the instant case the sidewalk was not used by the tenant in the sense indicated by the cited cases. It was not even used as an approach to the entrance of the Woolworth Co. place of business, but was merely a sidewalk fronting on its demised premises to be used for general sidewalk purposes.

The judgment under review is reversed.

*For affirmance*—PERSKIE, J.   1.

*For reversal*—THE CHANCELLOR, PARKER, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   11.