ELLEN LINDNER, PLAINTIFF-RESPONDENT, v. GEORGE MICHEL, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided November 26, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiff-respondent, *Lawrence Wolfberg* (*Andrew O. Wittreich,* of counsel).

For the defendant-appellant, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

PER CURIAM.

Plaintiff in this case recovered a judgment for personal injuries and loss of earnings against the defendant who appeals on several grounds, *i. e.,* that it was error to deny motion for a nonsuit and direction of verdict and, further, that there was error in the charge of the court concerning damages that might be assessed for the plaintiff.

The accident happened in front of premises known as 815 Palisade avenue, Union City, New Jersey, owned by the defendant. The plaintiff, a woman seventy years of age, caught her heel in a broken piece of sidewalk pavement, fell and was injured. The specific negligence charged in the complaint is that the defendant (a) constructed and (b) maintained the sidewalk "in such a manner as to cause a depression thus constituting the same a public nuisance * * *;" (c) that the sidewalk was repaired in such a manner as to cause a depression, &c.; (d) that defendant maintained the sidewalk that had been repaired "in such a manner as to cause a depression," which amounted to a public nuisance.

The proofs showed that the defendant had owned the premises, which consisted of land on which was erected a building, the first floor of which was leased for use as a saloon; that the tenant therein had been in occupancy for four years; that kegs of beer were unloaded from trucks to the sidewalk, rolled across the walk and then sent into the cellar on wooden skids; and that the empty beer kegs were reloaded at stated intervals onto the trucks. The argument is that the sidewalk was subjected to an unintended use. As we understand the testimony, there was a break in the pavement near the cellar entrance and this break caused the plaintiff to fall. If the defective sidewalk was caused by the owner or resulted because it was subjected to an improper use

with the knowledge and for the benefit of the owner, thus amounting to participation by him in the creation of the nuisance, a duty would be imposed upon him to see that such condition, dangerous to pedestrians who were lawfully using the sidewalk, was not continued. *Prange* v. *McLaughlin,* 115 *N. J. L.* 116. But there is an absence of testimony here that the owner caused the condition complained of or that the improper use of the sidewalk by the unloading of beer kegs was done with his knowledge and for his benefit. There was no proof that the landlord constructed or maintained or repaired the sidewalk "in such a manner as to cause a depression;" or that he maintained a sidewalk which had been repaired, in such a manner as to cause a depression.

We think that the motion for nonsuit should have been granted.

Since this case will have to be retried, we think it important to call attention to the fact that the court, in charging the jury as to damages, said that the plaintiff, in addition to compensation for pain and suffering, &c., would be entitled to any loss of earnings which directly resulted from the happening of this accident. That the plaintiff worked for her livelihood is clear. She worked as a laundress for other families. But there is no testimony whatever as to what she earned by her endeavors, and so, when the court advised the jury to include in the estimate of damages to be awarded the loss of earnings, there was no basis at all for this element of the verdict.

The judgment will be reversed and a *venire de novo* awarded, costs to abide the event.