VIOLA MAE ANDRESEN, APPELLEE, V. FORREST B. BURBANK ET AL., APPELLANTS.

62 N. W. 2d 135

Filed January 15, 1954.   No. 33397.

*Brown, Crossman, West, Barton & Quinlan,* for appellants.

*Tesar & Tesar,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages based upon the alleged negligence of the defendants. It involves a fall on a sidewalk abutting property owned by the defendants in the city of Omaha. Issues were made and trial had. Plaintiff recovered a judgment. Defendants appeal. We

reverse the judgment of the trial court and remand the cause with directions to dismiss.

The first assignment of error is that the trial court erred in overruling defendants' motion for a directed verdict made at the close of all the evidence.

The evidence is sufficient to establish that the sidewalk at the place involved had deteriorated on its surface, so that it was uneven, cracked, and had loose pieces of stone on its surface. This was a condition of long standing. Plaintiff, walking along there at night, fell when her foot touched and rested upon a loose stone. She suffered personal injuries.

By pleadings and evidence it is established that defendants had not been notified by the city of Omaha to make repairs to the sidewalk. One ground urged by the defendants to sustain the motion is nonliability under these circumstances.

Defendants rely upon sections 14-320, 14-322, and 14-323, R. S. 1943. These sections substantially in their present form were construed by us in McAuliffe v. Noyce, 86 Neb. 665, 126 N. W. 82. We there held: The fee of the street is in the city, and the sidewalk is part of the street. It is the duty of the city to keep its sidewalks in repair and in a safe condition for public use. A lot owner is not required to repair an adjacent sidewalk until he has been notified by the city to do so, and in absence of such notice he is not liable to pedestrians for damages for personal injuries.

Defendants further rely on our holding in Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382, that under the common law no duty developed upon an abutting owner to keep the sidewalks adjacent to his property in a safe condition. Defendants say that these and other of our decisions of similar import establish that they are not liable.

Plaintiff does not challenge the correctness of these holdings but rather argues that there is an exception to the nonliability rule which makes the abutting owner

liable for injuries caused by defective sidewalks when the condition is the result of participation by the abutting owner in the creation of such defect by a use thereof for which the sidewalk was not designed, either by authorizing it or by making the act or acts creating such defect his own. Prange v. McLaughlin, 115 N. J. Law 116, 178 A. 782.

Plaintiff would have us declare a nonstatutory liability rule and in effect limit our statute and decisions to cases of ordinary sidewalks in disrepair caused by ordinary use. Plaintiff relies on City of Omaha v. Philadelphia Mortgage & Trust Co., 88 Neb. 519, 129 N. W. 996. That decision turned upon an implied agreement between the owner and the city to maintain the sidewalk involved in a proper and safe condition. That is not the situation here.

Plaintiff relies on decisions from other states easily distinguishable because not based on statutes such as ours nor based on nonliability decisions such as ours. We discuss one of the decisions of other states, which factwise comes more nearly to the instant case than the others. It is Prange v. McLaughlin, *supra.* As we read the subsequent cases of that court it has not sustained either the rule or the broad application which is made there.

Citing the Prange case in Schwartz v. Howard Savings Inst., 117 N. J. Law 180, 187 A. 171, the court stated its rule in this way: "An owner is responsible for defects in the sidewalk caused by his affirmative wrongdoing or negligent use of such sidewalk for other than its intended purpose."

In Lindemann v. F. W. Woolworth Co., 123 N. J. Law 208, 8 A. 2d 321, the court held that liability existed where damage is caused by the wrongful act of the owner or occupant.

In Lindner v. Michel, 125 N. J. Law 409, 16 A. 2d 340, unintended use was urged in a case somewhat similar to the facts here. The court cited the Prange case as to

"knowledge and for the benefit of the owner, thus amounting to participation" in the creation of a nuisance and denied recovery because of the absence of testimony that the owner caused the condition complained of or that the improper use was for his benefit.

The evidence is that in the rear of defendants' building, and adjoining the area of the walk in disrepair, is a door several feet above the level of the sidewalk, and without stairs leading to the walk. This was used as a loading opening for tenants in defendants' building. There is also a coal chute, lower down, but in the side of the building, which was used to place coal in defendants' building, which coal was used by defendants to heat the building. Then there is an opening with three steps leading to a platform. This appears to have been used by tenants to get access to the building and as a loading platform for garbage and refuse.

There is evidence of four types of trucks that used this walk where the deteriorated condition exists. Coal trucks backed upon it to unload coal in defendants' building. Merchandise trucks backed in there to load and unload wares in the door above described. Garbage and refuse trucks backed in there to load those items. Plaintiff makes no showing as to who owned, operated, or controlled these trucks. Defendants' testimony is definite that they did not. Laundry trucks of a business adjoining this property parked there at times. There is no contention that the laundry trucks had any connection with defendants' building or tenants. There is no showing as to which, if any, of these trucks caused the damage to the sidewalk. The evidence is only that the sidewalk was in a deteriorated condition. •

We refer here to Overman v. Trust Co. of New Jersey, 126 N. J. Law 86, 18 A. 2d 615 (a case citing the Prange decision), where there was no proof that the vehicles using the sidewalk caused the damage, the court said that assuming that a jury would be justified in that inference the plaintiff nevertheless was required to sup-

ply proof that the defendant knowingly permitted an improper use for his benefit and that the use and benefit were tantamount to a participation in the creation of a nuisance. Such evidence is lacking here. There is no contention that the laundry trucks were for the use and benefit of defendants. The fact that third parties used this sidewalk in making deliveries and picking up merchandise and garbage does not sustain a finding that the use was for the benefit of the owners of the building. Normally parties receiving and delivering merchandise are concerned with the fact of receipt and delivery. The method of delivery is normally the concern of those handling the items in the absence of specific direction or necessity. There is no evidence either of direction or necessity. For aught that appears here coal could have been delivered to the premises, merchandise could have been delivered and picked up, and garbage and refuse could have been picked up from the street. Proximity to the building was obviously desired for the benefit of and for the labor economy of those operating the trucks. At least there is no showing that it was for the benefit of the defendants.

Plaintiff assumes, without evidence, that this sidewalk was designed for ordinary pedestrian use. However, it was constructed in front of three openings, two of which were designed as loading platforms or places of reception of commodities. The only evidence is that the walk deteriorated by continued use and was insufficient for the uses to which it was put; but that, without more, does not support an inference that it was not designed for the uses to which it was put. It is to be remembered that by section 14-320, R. S. 1943, as construed in McAuliffe v. Noyce, *supra,* the material and manner of construction and repair are for determination of the city.

Plaintiff's evidence does not bring her case within the rule which she urges we adopt. It is unnecessary to explore further the application of the proposed rule.

.Specifically we do not determine that the rule urged by plaintiff is applicable in this state.

It necessarily follows that the trial court erred in overruling defendants' motion for an instructed verdict.

The judgment of the trial court is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.