CORNELIUS F. CONNOLLY, APPELLANT, v. CITY OF OMAHA, APPELLEE.

66 N. W. 2d 916

Filed November 26, 1954.   No. 33604.

Fraser, Connolly, Crofoot & Wenstrand, for appellant.

Edward F. Fogarty, Herbert M. Fitle, Bernard E. Vin-
ardi, and Neal H. Hilmes, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a damage action for personal injury resulting
from a fall on a sidewalk. Defendant demurred on the
ground that the petition did not state facts sufficient
to constitute a cause of action. The ground of the de-
murrer was failure to allege the giving of notice as re-
quired by section 14-802, R. R. S. 1943. The trial court
sustained the demurrer. The plaintiff elected to stand
upon his petition. The trial court dismissed the action.
Plaintiff appeals. We affirm the judgment of the trial
court.

Plaintiff alleged that defendant is a city of the metro-
politan class and the owner of real estate acquired for
the purpose of erecting a city auditorium; and that a
residential building and garage were located on said
premises which it rented on a month-to-month basis
to private individuals. He alleged the existence of a
public sidewalk along the east side of said premises
and that defendant had a duty to maintain the sidewalk
in a proper manner for the safety of pedestrians.

Plaintiff alleged that he slipped and fell on an icy
area of said walk causing severe personal injuries. He
described the condition of the walk at the point where
he fell as sloping to the east and having a cement sur-
face that was uneven and covered by an accumulation
of ice 4 to 6 inches thick, which resulted from defend-
ant's failure to remove snow and caused the sidewalk

to be rough, slippery, and dangerous to all foot travel; that the ice was overlaid by snow, making it impossible for pedestrians to see and observe its dangerous condition; that the "defective" condition had existed for some time; that defendant had failed, neglected, and refused to remove the same; and that defendant either knew or should have known of the dangerous condition "or defect."

He alleged negligence in permitting the accumulation of ice; in failing to remove the ice; in failing to remove the snow so that the ice could be seen by pedestrians; in failing to require tenant to remove the ice and snow therefrom; and in failing to block off the icy portion and post warning signs. He pleads the giving of notice of the accident "as required by law." While not stated, we assume this refers to the requirements of section 14-801, R. R. S. 1943.

Plaintiff argues that his action is not one against the city for failure to maintain a public walk, but is an action against the city, as a property owner, for permitting an accumulation of ice and snow on its own sidewalk.

In taking that position, plaintiff brings himself fairly within the scope of our decision in Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382. In that case the adjacent property owner was held not liable for damages resulting to a pedestrian for failure of the owner to remove snow and ice as required by law but that the action, if any, must lie against the city. That decision was bottomed on the propositions that the duty of the city to keep its sidewalks in a reasonable condition for travel by the public is owed to the general public in the city's corporate capacity, and that at common law no duty devolved upon an abutting owner to keep the sidewalks adjacent to his property in a safe condition for travel. See, 25 Am. Jur., Highways, § 522, p. 803; 40 C. J. S., Highways, § 258, p. 304.

Plaintiff, however, relies on the rule of law last stated in Andresen v. Burbank, 157 Neb. 909, 62 N. W. 2d 135,

wherein we held: "The fee of the street is in the city, and the sidewalk is part of the street. It is the duty of the city to keep its sidewalks in repair and in a safe condition for public use."

As pointed out in Hanley v. Fireproof Building Co., *supra,* that duty is one which the city owes in its corporate capacity. See, also, Tewksbury v. City of Lincoln, 84 Neb. 571, 121 N. W. 994, 23 L. R. A. N. S. 282; Gilbert v. Welch Restaurant Co., 122 Neb. 312, 240 N. W. 313. In Chaney v. Village of Riverton, 104 Neb. 189, 177 N. W. 845, 10 A. L. R. 244, we said: "The liability for failure to perform such duties arises by necessary implication from the privilege of control over the streets granted, and is therefore a liability statutory in its nature." Ownership of adjacent property does not enter into the basis of the liability.

This brings us then to the question of the applicability of section 14-802, R. R. S. 1943, which is as follows: "Cities of the metropolitan class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof, within such cities unless actual notice in writing describing with particularity the place and nature of the defect shall have been filed with the city clerk at least five days before the occurrence of such injury or damage."

Plaintiff states here that this "is not a defective sidewalk case at all." We note that in pleading his cause plaintiff refers to "such defective condition of the sidewalk" as a "condition or defect" that was extremely dangerous. We do not rest the decision on those statements.

Plaintiff argues that the statute relates to "defective" sidewalks and that the statute should not be construed so as to make an accumulation of ice and snow thereon into a defect thereon. However, in effect, it has been so construed. Section 14-801, R. R. S. 1943, relates to damages arising from defective streets and requiring a no-

tice, among other things, "describing the defects causing the injury." The statute in McCollum v. City of South Omaha, 84 Neb. 413, 121 N. W. 438, was the same as section 14-801, R. R. S. 1943, save as to contents of the notice. It related to "defective * * * sidewalks * * *."

We there held that an accumulation of ice and snow on a sidewalk is a defect and the statute requiring notice applies.

We had a comparable statute before us for construction in Anthony v. City of Lincoln, 152 Neb. 320, 41 N. W. 2d 147. Plaintiff relies on the rule stated that: "Where the injuries in suit were caused by a defect in or obstruction of a public sidewalk created by the positive misfeasance of the city, the giving of notice to it of the defect or obstruction as prescribed by statute and charter of the city is not a prerequisite to maintaining an action therefor."

The first rule stated in that opinion is: "Where the injuries in suit were a consequence of a defect in a public sidewalk not caused by any positive negligent act of the city either in its construction or maintenance, the city may not be subjected to liability if the requirement of the statute and charter of the city as to notice of defect before the occurrence complained of has not been complied with."

No "positive negligent" act of the city is here alleged nor inferable. The city did not create the condition, nor cause it. It was created by the elements.

As held in Woods v. City of Lincoln, 104 Neb. 449, 177 N. W. 792, so we hold here: "In its final analysis, therefore, the petition sets up nothing more than a defect arising from natural causes, without the interposition of any affirmative act of negligence on the part of the city to bring it about or to aggravate it. In such a case we are convinced that the statute requiring five days' prior notice to the city applies, and that, in the absence of any allegation of compliance therewith, the demurrer to the petition was properly sustained."

The judgment of the trial court is affirmed.

AFFIRMED.