HARLEY A. SIPPRELL, APPELLEE, v. MERNER MOTORS ET AL., APPELLANTS.

82 N. W. 2d 648

Filed April 26, 1957. Nos. 34078 and 34083.

*Fraser, Crofoot, Wenstrand, Stryker & Marshall, Kennedy, Holland, DeLacy & Svoboda,* and *William P. Mueller,* for appellants.

*Robert W. Haney* and *Thomas J. Walsh,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries and medical treatment by Harley A. Sipprell, plaintiff and appellee, against Merner Motors, N. Burt Merner, Gilbert C. Merner, and J. F. Bloom & Company, a corporation, defendants and appellants. The action was tried to a jury and a verdict was returned against all defendants for $4,500. Judgment was rendered on the verdict. The defendants Merner filed a motion for new trial as did also the defendant J. F. Bloom & Company.

J. F. Bloom & Company also filed a motion for judgment notwithstanding the verdict. These motions were overruled. From the judgment and the order overruling the motions separate appeals have been taken. The appeals have been consolidated. The defendants Merner will be hereinafter referred to as Merner Motors and J. F. Bloom & Company will be referred to as Bloom.

As grounds of action the plaintiff by petition pleaded, to the extent necessary to set forth herein, that on September 2, 1953, Merner Motors were doing business at Twentieth Street and Ames Avenue in Omaha, Nebraska, in a building leased from Bloom; that on that date plaintiff was a customer and while leaving the premises by a regular exit he stepped from the doorway onto a step just outside from which he stepped to the sidewalk and fell whereby he sustained serious and permanent injuries; that the step was broken, worn, and irregular, and projected such a short distance from the door itself that the sudden drop to the pavement constituted a hazard to one leaving the doorway; that the plaintiff in encountering the step by reason of its condition was caused to partially lose his balance and forced to step onto a portion of the sidewalk immediately below the step which walk was broken and uneven, on account of which he completely lost his balance and fell to the sidewalk; that the step and sidewalk had remained in the condition described for a long time prior to the accident which condition was known to all of the defendants; and that the proximate cause of the accident and injuries to the plaintiff was the negligence of the defendants in failing to provide a safe means of exit from the building and in failing to warn plaintiff of the condition of the step and sidewalk.

The defendant Bloom filed a separate answer. In the answer it denied any negligence on its part. It alleged that the plaintiff was guilty of contributory negligence; that the sidewalk was owned by the city of

Omaha and that this defendant was under no obligation to repair the sidewalk even if repairs were necessary, which it denied, in the absence of notice by the city; that it had never been notifed to make repairs; that in no event was it chargeable with negligence on account of the condition of the step or the sidewalk; that the step was not defective; and that the step was in plain sight and that the risk, if any, was assumed by plaintiff.

Merner Motors filed a separate answer. By the answer negligence was denied and contributory negligence was charged against the plaintiff. By the answer it was alleged substantially that no repairs were necessary; that the entrance was in open and constant use and the condition of it was in plain sight; that as tenants they were not required or permitted to make repairs; that the area west of the building was a sidewalk owned by the city of Omaha; and that they had received no notice to make repairs.

The plaintiff filed a reply in which he generally denied the allegations of the answers which did not amount to admissions of the allegations of the petition. The trial was had upon the issues thus joined. The result has already been pointed out. As pointed out Bloom and Merner Motors have taken separate appeals. Each has assigned numerous errors which it is contended are grounds for reversal. The assignments of error advanced by Bloom, to the extent necessary to a determination of the appeal, will be considered first herein.

By the first four assignments of error the propriety of the rulings on the motions for directed verdict, the motion for new trial, and the motion for judgment notwithstanding the verdict were attacked.

The question presented collectively by these assignments is that of whether or not, assuming that the plaintiff had a right of action against some one, he had a right against Bloom on account of the condition of the step or condition of the sidewalk or both. Bloom insists that he did not.

One proposition substantially urged in this connection is, assuming that the step is to be regarded as on the premises occupied by Merner Motors, that no responsibility for its condition devolved upon Bloom, the lessor, unless it was shown that the dangerous condition existed at the time of leasing which condition was known at that time; that there was an obligation upon the lessor to repair and keep in repair; and that it had sufficient control for that purpose. Bloom contends that it has not been shown that these conditions or any of them did or were known to exist at the time of leasing.

The factual contention of Bloom in this respect must be accepted as true. There was no effort made to show that the condition of which plaintiff complains was in existence at the time of leasing which was in 1949.

No authorities have been cited the effect of which is to say that a lessor is under any obligation to repair conditions on leased premises which are under the exclusive control of a lessee which came into being after the lessee went into possession. The rule in this jurisdiction is to the contrary. In Bartholomew v. Skelly Oil Co., 144 Neb. 51, 12 N. W. 2d 122, it was said: "In the absence of an express covenant or stipulation a lessor is not bound to make repairs to leased property." This was quoted with approval in Quist v. Duda, 159 Neb. 393, 67 N. W. 2d 481.

This being true it must be said under the facts that the plaintiff had no right of action against Bloom on account of the alleged dangerous condition. This is so because he had no greater right than the lessee would have had, and the lessee would have had no right at all.

In Van Avery v. Platte Valley Land & Investment Co., 133 Neb. 314, 275 N. W. 288, it was said: "Subject to limited exceptions, the general rule is that guests and invitees of the tenant derive their right to enter upon the premises leased through the tenant, and have the same but no greater right to proceed against the land-

lord for personal injuries resulting from alleged defects on the premises than the tenant has."

A reading of the opinion discloses that the exceptions contemplated by this statement have no relation to conditions arising after leasing and surrender of control but only to those existing at the time of leasing.

In the same case with reference to the lessee and others it was said: "Subject to specific exceptions, the lessor of land is not liable for bodily harm caused to his lessee, or others upon the demised land with the consent of the lessee or sublessee, by any dangerous condition, whether natural or artificial, which existed when the lessee took possession." The exceptions are those attaching to the previous quotation, namely, the obligation to make repairs and retention of control for that purpose. See, also, Nelson v. Hokuf, 140 Neb. 290, 299 N. W. 472.

In the light therefore of the failure of proof that the step was in a dangerous condition at the time the lease was entered into between Bloom and Merner Motors and proof that Bloom was under obligation to make repairs the plaintiff had no cause of action against Bloom based upon the condition of the step.

Another proposition urged by Bloom is that the sidewalk was the property of the city of Omaha; that as owner of the abutting property it had no obligation to repair in the absence of notice by the city so to do; and that it had never been so notified. This contention must be sustained.

In Andresen v. Burbank, 157 Neb. 909, 62 N. W. 2d 135, it was said: "A lot owner is not required to repair an adjacent sidewalk until he has been notified by the city to do so, and in absence of such notice he is not liable to pedestrians for damages for personal injuries." See, also, McAuliffe v. Noyce, 86 Neb. 665, 126 N. W. 82; Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; Connolly v. City of Omaha, 159 Neb. 380, 66 N. W. 2d 916.

This of course is not to say that a lot owner may not be held in damages where defects in a sidewalk are caused by affirmative wrong doing nor negligent use by the lot owner. Andresen v. Burbank, *supra*. No such question is before the court in the case at bar.

In the light of these observations it becomes necessary to say that no cause of action was proved against the defendant Bloom and accordingly it is entitled to have its motion for judgment notwithstanding the verdict sustained. This makes unnecessary a consideration of any other assignments of error.

Turning now to Merner Motors, it is pointed out that at the close of the evidence of the plaintiff a motion was made for a directed verdict which was overruled. This motion was renewed at the close of all the evidence and again overruled. A motion for new trial was made and this was overruled.

By the first four of numerous assignments of error the sufficiency of the evidence to sustain a cause of action against Merner Motors has been challenged. Substantially Merner Motors contends that, assuming but not admitting that these defendants were required to keep in repair the step and the sidewalk in question and that for failure to do so they could be held in damages for negligence, the evidence was not sufficient in this case to prove a cause of action or a right of recovery against them. They urge that within the meaning of controlling principles of law there was absence of proof of any negligent act or omission, and also there was an absence of proof of proximate cause or of proximately contributing cause.

It is a well-settled rule that in an action for negligence, the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it. Brown v. Slack, 159 Neb. 142, 65 N. W. 2d 382.

As to the facts the evidence discloses that the acci-

dent in question happened around 1 to 2 o'clock p.m., on a bright day. It was at the regular exit or door on the west side of the showroom of the Merner Motors. The plaintiff was on the premises as a business invitee. The threshold was of stone or concrete as was a step outside and 6 or 7 inches below. The step outside was elevated several inches above a sidewalk which extended westward from the step. At the time in question an awning overhung the exit.

Coming now directly to the testimony of plaintiff relating to the causative factor he said that he stepped down on the step with his left foot and hit something with the sole of the left shoe, slipped, and was thrown forward over the edge of the step; that he went forward onto the sidewalk with his right foot and it turned and flopped over and he went down on his knees and hands; that after he got up he could see that the step and sidewalk were badly broken; that it was irregular like an indentation or a broken piece or cracked, with the edge rounded off and uneven; that the portions at the edge of the step were chipped out and it was wavy and uneven; that he could not quite figure out how it happened but it looked like there was an indentation where possibly a piece of concrete or stone had chipped out and it appeared that when he put his foot on it it threw him a little bit to the left and over the edge; that the chipped portion was, as he estimated, from ¾ to 1½ inches in depth; and that the sidewalk was badly broken and raised. As a part of his case-in-chief the plaintiff adduced in evidence photographs of the exit which included a view of the step in question and the adjacent sidewalk. On cross-examination he testified as to what happened on the step and that it was sort of slipping or tripping for just a few inches which threw him over the edge of the step.

This, it is believed, is a fair summary of the evidence from which a determination as to whether or not the plaintiff has sustained the burden of proving a cause

of action or, in other words, whether or not there is evidence that Merner Motors were guilty of negligence which was the proximate cause or proximately contributed to the accident of which plaintiff complains.

The determination of this question must be made in the light of certain rules in addition to those previously stated herein. One of these is the following: "* * * the proprietor of a store is not an insurer against accidents to customers, but is bound to exercise reasonable care and prudence to keep the premises, which the public is tacitly invited to use, safe for that purpose." Glenn v. Grant Co., 129 Neb. 173, 260 N. W. 811. See, also, Rankin v. J. L. Brandeis & Sons, 135 Neb. 86, 280 N. W. 260; Bowerman v. Greenberg, 142 Neb. 721, 7 N. W. 2d 711.

Another rule is the following: "The fact that an invitee falls upon the steps leading from the exit of a building to the sidewalk below does not raise any presumption of negligence on the part of its owner, and the doctrine of res ipsa loquitur does not apply." Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565.

The first question which must be answered is that of whether or not the plaintiff has sustained the burden of showing by his evidence that Merner Motors were guilty of negligence. The determination of it of course depends upon the probative effect of the evidence summarized including the photographs. The oral description in the testimony of witnesses of the condition of both the step and the sidewalk is indefinite and uncertain and gives no clear conception of either but it may be that taken alone this would be sufficient to sustain a charge of negligence against Merner Motors. There is however photographic evidence which makes the condition of both the step and the sidewalk reasonably apparent. As to the step the photographs show no break in the upper surface of the step or at any of its edges. The most that can be said is that this surface shows a

slightly depressed area, probably brought about by wear from usage over a period of years. As to the sidewalk the photographs do show a crack extending outward from the step with an unevenness of surface which becomes pronounced probably about 18 inches from the outer edge of the step. These photographs are so clear in outline that they must be accepted as a controlling portrayal of the condition of both the step and the sidewalk.

Allowing the step to get into the condition which has been disclosed, in the light of what this court has said, did not amount to actionable negligence on the part of Merner Motors. Thompson v. Young Men's Christian Assn., *supra*, was an action based upon alleged negligence on account of a condition including a depression in a step. In that case the depression was caused by usage. Its depth ranged from 7/16 of an inch to 1¾ inches. The court held to the view in that case that it was not negligence to allow continued use.

As to defects in sidewalks this court in Sullivan v. Chicago & N. W. Ry. Co., 128 Neb. 92, 258 N. W. 38, cited with approval the following from Northrup v. City of Pontiac, 159 Mich. 250, 123 N. W. 1107: "A grating which projects two inches or less above a sidewalk is not such a defect as to violate the duty of a municipality to keep its streets and walks in a condition of reasonable safety."

In the same case the following was quoted from Van der Blomen v. City of Milwaukee, 166 Wis. 168, 164 N. W. 844: "A slight depression in one block and an elevation in the adjoining block of a cement sidewalk, the difference in level being about one and one-quarter inches, was, as a matter of law, not an actionable defect."

In the light of this, assuming but not deciding that Merner Motors under certain circumstances could be held liable for negligence in the maintenance of the step and sidewalk in question, it must be said that in

this case there is no proof of actionable negligence by Merner Motors.

If however it should be said that there was proof of negligence still no right of recovery has been shown. There is an absence of proof of proximate cause. As has been pointed out the plaintiff is entitled to no presumption that his fall was caused by negligence on the part of Merner Motors.

The plaintiff gave no authentic information as to what caused him to slip on the step or on what his foot struck on the sidewalk. The effect of his testimony was to say that for some reason his left foot slipped on the step in consequence of which he stepped with his right foot onto the sidewalk and his ankle turned. Thereafter he looked at the step and at the walk. A fair statement, it is thought, is that after he looked at these he assumed that the condition of the step which he observed caused him to slip and he further assumed that with his right foot he stepped upon the defective place in the sidewalk.

In order to accept this assumption as proof of proximate cause would be to make applicable to this situation the doctrine of res ipsa loquitur. In Thompson v. Young Men's Christian Assn., *supra,* it has been pointed out that this may not be done.

It follows therefore that no cause of action was proved against Merner Motors. Accordingly the motion for new trial should have been sustained.

The judgment against J. F. Bloom & Company and against Merner Motors, N. Burt Merner, and Gilbert C. Merner is reversed. As to J. F. Bloom & Company the cause is remanded with directions to sustain the motion for judgment notwithstanding the verdict. As to Merner Motors, N. Burt Merner, and Gilbert C. Merner, since there is no motion for judgment notwithstanding the verdict, the cause is remanded for a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.