# BERWIND–WHITE COAL MINING COMPANY *v.* CHICAGO AND ERIE RAILROAD COMPANY.

ERROR TO THE APPELLATE COURT, FIRST DISTRICT, STATE OF ILLINOIS.

No. 92.   Argued December 3, 1914.—Decided December 14, 1914.

Filing with the Interstate Commerce Commission the book of rules as to demurrage of the Car Service Association, of which the railroad is a member, with a statement as to what its rates will be, *held*, in this case, to be a compliance with the provisions of the Act to Regulate Commerce requiring filing of tariff sheets, no objection having been taken as to form, and it appearing that the documents were adequate to give notice and that there was proof of posting.

Although cars billed for reconsignment may not have actually reached the point named as destination, demurrage may attach for the time held after reaching the point convenient to the belt line for transfer where, under usual practice for many years, cars so billed were held for reconsignment.

171 Ill. App. 302, affirmed.

THE facts, which involve questions of filing tariff sheets under the Act to Regulate Commerce and the right of the railroad company to collect demurrage, are stated in the opinion.

*Mr. Henry T. Martin,* with whom *Mr. Edward D. Pomeroy* was on the brief, for plaintiff in error:

The booklet of the Chicago Car Service Association and the letters and circular which were mailed to the Interstate Commerce Commission do not constitute a tariff. *England & Co.* v. *Balt. & Ohio R. R.,* 13 I. C. C. 614; *Porter* v. *St. L. & S. F. R. R.,* 15 I. C. C. 4.

The alleged tariffs in question were never established. *Tex. & Pac. Ry.* v. *Cisco Oil Mills,* 204 U. S. 449; *Ill. Cent. R. R.* v. *Henderson Elevator Co.,* 226 U. S. 441.

The filing of papers with the Interstate Commerce Commission raises no presumption of approval. *Suffern Hunt & Co.* v. *I. D. & W.,* 7 I. C. C. 279; *San Bernardino* v. *A., T. & S. F. R. R.,* 3 I. C. C. 138–143, and cases *supra.*

Demurrage is governed by the Interstate Commerce Act. *Michie* v. *N. Y., N. H. & H. R. Ry.,* 151 Fed. Rep. 694; *United States* v. *Standard Oil Co.,* 148 Fed. Rep. 722; *St. Louis & Iron Mt. Ry.* v. *Edwards,* 227 U. S. 265; *C., R. I. & P. Ry.* v. *Hardwick,* 226 U. S. 426.

There can be no charge for demurrage upon interstate shipments without a specific tariff authority therefor.

The published rate should govern and the value of a service cannot be fixed by agreement. *Chicago & Alton* v. *Kirby,* 225 U. S. 155; *N. H. R. Co.* v. *Int. Comm. Com.,* 200 U. S. 361, 391; *Armour Packing Co.* v. *United States,* 209 U. S. 56, 80–81; *Tex. & Pac. Ry.* v. *Abilene Oil Co.,* 204 U. S. 439; *Tex. & Pac. Ry.* v. *Mugg,* 202 U. S. 242; *United States* v. *D. & R. G. R. R.,* 18 I. C. C. 7, 10; *Monroe & Sons* v. *M. C. R. R.,* 17 I. C. C. 27–29; *Crescent Coal Co.* v. *Balt. & Ohio R. R.,* 20 I. C. C. 569.

In the absence of a published demurrage rate, it is presumed that the through rate embraces terminal charges. *Int. Comm. Com.* v. *C., B. & Q. R. R.,* 186 U. S. 320, 328.

The purpose of the Interstate Commerce Act is to fix the rate absolutely and take it out of the realm of contract. The rates on file, being binding upon shipper and carrier

alike, *Penna. R. Co.* v. *International Coal Co.*, 230 U. S. 184, the statute required the carrier to abide absolutely by the tariff. Cases *supra* and *Louis. & Nash. R. R.* v. *Mottley*, 219 U. S. 467.

The tariffs are binding upon shipper and carrier alike. *Penna. R. R.* v. *International Coal Co.*, 230 U. S. 184.

The Interstate Commerce Act supersedes the common law with reference to interstate shipments. *St. L. & Iron Mt. Ry.* v. *Edwards*, 227 U. S. 265; *Chi., R. I. & P. Ry.* v. *Hardwick*, 226 U. S. 426.

Demurrage cannot properly be assessed until the shipment has reached its destination. *United States* v. *Denver & R. G. R. R.*, 18 I. C. C. 9; *Staten Island Ry.* v. *Marshall*, 136 N. Y. App. Div. 571; *Crescent Coal Co.* v. *Balt. & Ohio R. R.*, 20 I. C. C. 569.

The appellate court of Illinois is the highest court in which a decision could be had. *Norfolk Turnpike Co.* v. *Virginia*, 225 U. S. 264; *West. Un. Tel. Co.* v. *Crovo*, 220 U. S. 364.

The denial of a right under the Interstate Commerce Act gives this court jurisdiction. *Atchison, T. &c. Ry.* v. *Robinson*, 233 U. S. 173; *Chicago & Alton* v. *Kirby*, 225 U. S. 155.

The denial of a right under other Federal statutes is sufficient to give this court jurisdiction. *Seaboard Airline* v. *Duvall*, 225 U. S. 477; *St. L., I. M. & S. Ry.* v. *McWhirter*, 229 U. S. 265; *St. L., I. M. & S. Ry.* v. *Taylor*, 210 U. S. 281; *Eau Claire Bank* v. *Jackman*, 204 U. S. 522; *Nutt* v. *Knut*, 200 U. S. 12; *Charleston &c. Ry.* v. *Thompson*, 234 U. S. 576.

The alleged tariffs introduced in evidence were not tariffs at all and without which there was no evidence whatever to support a verdict and judgment. *Creswill* v. *Grand Lodge*, 225 U. S. 246; *Kansas City Southern* v. *Albers*, 223 U. S. 573; *Gas Light Co.* v. *Cedar Rapids*, 223 U. S. 655; *Oregon R. & N. Co.* v. *Fairchild*, 225 U. S. 111.

*Mr. Edward W. Rawlins,* with whom *Mr. William J.* *Calhoun* and *Mr. Will H. Lyford* were on the brief, for defendant in error:

Defendant in error having filed with the Interstate Commerce Commission its demurrage rules and statement of charges, was not only entitled, but required to collect demurrage charges in accordance therewith.

Even though the demurrage rules and charges filed with the Interstate Commerce Commission were in certain respects informal, yet such fact would not excuse plaintiff in error from paying the charges in question, as they were the regular and usual charges for such service.

As to that portion of the demurrage charges which accrued prior to the Hepburn Amendment, the question of tariffs is not controlling.

The demurrage charges in question were properly assessed on the cars while they were being held in the yards at Hammond, as those yards were the regular Chicago holding yards for carload freight held for reconsignment.

In support of these contentions, see *Blackhorse Tobacco Co.* v. *Ill. Cent. R. R.,* 17 I. C. C. 588; *Cudahy Packing Co.* v. *C. & N. W. Ry.,* 12 I. C. C. 446; *Erie R. R.* v. *Wanaque Lumber Co.,* 69 Atl. Rep. 168; 2 Hutchinson on Carriers, § 710; *I. C. R. R. Co.* v. *Henderson Elevator Co.,* 226 U. S. 441; *Kansas City So. Ry.* v. *Albers Comm. Co.,* 223 U. S. 573; *Kehoe* v. *Railroad Co.,* 11 I. C. C. 166; *Memphis Freight Bureau* v. *Kansas City So. Ry.,* 17 I. C. C. 90; *Penna. R. R.* v. *International Coal Co.,* 230 U. S. 184; *Schumacher* v. *Chi. & N. W. Ry.,* 207 Illinois, 199; *Tex. & Pac. Ry.* v. *Mugg,* 202 U. S. 242; *Tex. & Pac. Ry.* v. *Cisco Oil Mill,* 204 U. S. 446; *Woolner Distilling Co.* v. *Peoria & P. R. R.,* 136 Ill. App. 479.

Memorandum opinion by direction of the court by MR. CHIEF JUSTICE WHITE.

The judgment which is under review awarded demur-

rage on carloads of coal shipped by the plaintiff in error from West Virginia to Chicago, there to be reconsigned. (171 Ill. App. 302.)  There are only two alleged Federal contentions:

1. That allowing the demurrage conflicted with the Act to Regulate Commerce because no tariff on the subject was filed or published.  The fact is that the railroad had complied with the law as to filing tariff sheets and had also long before the time in question filed a book of rules of the Chicago Car Service Association, of which it was a member, relating to liability for demurrage and a few days after had written the Commission a letter stating that the demurrage charge would be one dollar per day.  The argument is that such documents were not sufficiently formal to comply with the law and hence afforded no ground for allowing demurrage.  But the contention is without merit. The documents were received and placed on file by the Commission without any objection whatever as to their form and it is certain that as a matter of fact they were adequate to give notice.  Equally without merit is the insistence that there was no proof that the documents were posted for public inspection.  *Texas & Pac. Ry.* v. *Cisco Oil Mill*, 204 U. S. 449; *Kansas City So. Ry.* v. *Albers Comm. Co.*, 223 U. S. 573, 594; *United States* v. *Miller*, 223 U. S. 599.

2. Conceding that a tariff concerning demurrage was filed, it is insisted it only authorized demurrage at destination and the cars never reached their destination, but were held at a place outside of Chicago.  The facts are these: The storage tracks of the railroad for cars billed to Chicago for reconsignment were at Hammond, Indiana, a considerable distance from the terminals of the company nearer the center of the city, but were convenient to the belt line by which cars could be transferred to any desired new destination, and the holding on such tracks of cars consigned as were those in question was in accordance with

a practice which had existed for more than twenty years. Under these circumstances the contention is so wholly wanting in foundation as in fact to be frivolous.

*Affirmed.*