BALTIMORE & O. S. W. R. R. v. SETTLE et al.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1921.)

No. 3500.

1. Carriers ⬡⟶196—In action for difference between interstate and intrastate rates, question was whether there was actual good faith delivery at point of reshipment.

In an action to recover the difference between the interstate through rate and the sum of the interstate and intrastate rates on lumber shipped to defendants at O. and reshipped to M., the real issue was whether the shipments were in fact shipments to O., with an actual good-faith delivery to defendants at O., and reconsignments actually by defendants, having received possession at O.; and the existence of an original and continuing intention to reship at O., for the purpose of saving expense, was not of itself sufficient to convert the shipments into through shipments, if there was otherwise a good-faith delivery at O.

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Carriers ☞196—Demurrage and trackage charges at point of reshipment properly considered in determining question of good faith.**

In an action to recover the difference between the interstate through rate and the sum of the interstate and intrastate rates on lumber consigned to O., and reshipped on intrastate bills of lading to M., the court properly charged that the jury might consider demurrage charges and trackage charges paid at O. in determining the question whether there was an actual good-faith delivery to the consignees at O.

In Error to the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge.

Action by the Baltimore & Ohio Southwestern Railroad against W. H. Settle and another, partners as W. H. Settle & Co. Judgment for defendants, and plaintiff brings error. Affirmed.

George Hoadly, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for plaintiff in error.

W. W. Clippinger, of Cincinnati, Ohio, for defendants in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error, which owns and operates a railroad from Cincinnati, Ohio, to Louisville, Ky., and other points, sued defendants in error, who were engaged in the lumber business at Madisonville, Ohio, for the difference between the published through tariffs upon certain shipments of lumber originating south of the Ohio river, and which were either consigned to defendants at Oakley, Ohio (which is within the switching district of Cincinnati), or which were originally consigned to others at Cincinnati or elsewhere, and were purchased by defendants while in transit, and upon arrival at Cincinnati switched to Oakley—the freight charges being, in each case, fully paid either at Oakley or before reaching that point. There were in force lawful interstate rates from the points of origin of the several shipments to Cincinnati and Oakley (the rates to Oakley being the same as to Cincinnati), as well as to Madisonville—both Oakley and Madisonville being within the corporate limits of Cincinnati. There was a lawful local or intrastate rate (published by state authority) from Oakley to Madisonville. Each of the cars here in question was ordered by defendants to be delivered to them at Oakley. On reaching that place, plaintiff put the cars in its bulkyard and notified defendants of their arrival, whereupon the latter receipted for the cars, which were then transported by plaintiff to defendants at Madisonville on new bills of lading at the intrastate rates between Oakley and Madisonville; plaintiffs charging defendants demurrage or car service for the time of detention at Oakley beyond the free time limit. It was testified by plaintiff's general freight agent that, when the cars were received at Oakley, they were treated by both plaintiff and defendants as shipments to Oakley.

The interstate rate from the point of origin to Madisonville in each case exceeded the interstate rate to Oakley plus the intrastate rate from Oakley to Madisonville. The recovery of this excess is sought upon the proposition that, notwithstanding the local transportation on new bills of lading from Oakley to Madisonville, the shipments re-

tained their original interstate character, as being merely continuations of the original interstate shipments from the points of origin to Oakley. This court reversed the action of the court below in overruling a demurrer to the petition in a suit first brought for this same recovery, holding that—

"the character of the shipment from Oakley to Madisonville is to be ultimately tested by the consideration whether or not there was an actual good faith delivery of the shipments to the consignees at Oakley, and actually a new and independent shipment therefrom by defendants to Madisonville while the lumber was physically present in their possession, and that the effect of such good faith delivery, possession, and independent reshipment is not, as a mere matter of law, converted into an interstate shipment by the existence of an original and continuing intention to so reship in intrastate commerce for the saving of expense." 249 Fed. 913, 918, 162 C. C. A. 111, 116.

Plaintiff then discontinued that action and brought the instant suit. Upon trial by jury on issues of fact properly framed, there were verdict and judgment for defendants. It further appeared upon the trial that defendants had no place of business at Oakley; but there was testimony that Oakley was their unloading and distributing point for lumber to be used at Oakley, Hyde Park, or Pleasant Ridge, where defendants had jobs; that defendants could not tell, until the cars reached Oakley, whether they would have demand for the lumber there, but that the cars that ultimately went to Madisonville (the cars in question here) were intended from the beginning to go to Madisonville; that they were shipped to Oakley, and reshipped from that place to Madisonville, for the purpose of getting the lower freight rate.

[1, 2] The jury was instructed that the real issue was whether the shipments in question "were in fact shipments to Oakley, with an actual good-faith delivery to the defendants at Oakley, and reconsignments actually by the defendants, having received possession of the lumber at Oakley, to Madisonville"; that the existence of an original and continuing intention in the minds of the defendants to reship the lumber from Oakley to Madisonville for the purpose of saving expense was not of itself sufficient to convert the shipments into through shipments if there was otherwise a good-faith delivery at Oakley; and that, in determining the question of good faith, the jury might take into consideration "any demurrage charges that the defendants may have had to pay for these cars while detained at Oakley," as well as "any team trackage charges that were imposed by reason of the detention" of the cars at that place.

We think this is a correct statement of the applicable law, which was so fully discussed in our former opinion cited as to make rediscussion here unnecessary. We may add that we find nothing in Berwind-White Co. v. Chicago & Erie R. R. Co., 235 U. S. 371, 35 Sup. Ct. 131, 59 L. Ed. 275, or in Western Union Telegraph Co. v. Foster, 247 U. S. 105, 113, 38 Sup. Ct. 438, 62 L. Ed. 1006, 1 A. L. R. 1278; or in McFadden v. Alabama Great Southern Railroad Co. (C. C. A. 3) 241 Fed. 562, 154 C. C. A. 338, opposed to the conclusion reached in our former review and here.

As to the McFadden Case: We refer to the full discussion thereof contained in our former opinion. 249 Fed. at pages 916, 917, 162 C.

C. A. 111. In the Berwind-White Case the point decided was that demurrage might lawfully be charged at a reconsignment point short of ultimate destination, when such was the established practice. Not only is such holding consistent with an instruction that, in determining the question of good-faith delivery, the fact of demurrage payments might be considered, but in the Berwind-White Case, the shipment seems to have been for reconsignment, which is not the case here. The Western Union Case is generally in line with previous decisions of a class fully discussed in our former opinion.

The judgment of the District Court is accordingly affirmed.