Harrison Electric Company *v.* Citizens' Ice & Storage Company.

Opinion delivered July 11, 1921.

1. Public service commission—notice of change of rates of public utility.—Under Crawford and Moses' Dig. § 1612, providing that public utilities may not change their rates "except after 30 days' notice to the [Corporation] Commission and the public," *held* the filing of a schedule of changes in the rates of an electric light company was sufficient notice to the Commission and to the public.

2. Public service commission.—when new rates become effective.—Where an electric light company filed a schedule of new rates with the Corporation Commission, such rates became effective upon the maturity of the period of thirty days specified in the statute, unless the Commission suspended the rates pending a hearing.

3. Public service commission—new rates superseding contractual rates.—Where a public utility filed a schedule of increased rates with the Corporation Commission which became effective after 30 days, the new rates superseded contractual rates theretofore established, as there could be no valid contract against the power of public control by the Corporation Commission.

Appeal from Boone Chancery Court; *Ben F. McMahan,* Chancellor; reversed.

*Claud A. Fuller,* for appellant.

The court should have sustained demurrer to paragraph 3 of appellee's reply, alleging that the Corporation Commission had no authority to change rates in abrogation or impairment of an existing contract. Such contracts are subject to the power of the State to regulate public utilities. 145 Ark. 205.

The notice of the application for an increase in rates was published twice in 2 weekly newspapers as required by the Commission. The act provides for a contest of rates before the Commission and for an appeal.

The alleged contract was verbal, and was entered into without authority by appellant's secretary and manager. All rates were subject to change by the Commission. 110 Atl. 78.

*Guy L. Trimble,* for appellee.

1. Rates could not be changed except after 30 days' notice. Acts 1919, p. 417. See also Crawford & Moses' Dig. § 6809. This notice is mandatory. 104 Ark. 298; 131 Ark. 429; 67 Ark. 43. The cases in 110 Atl. 778 and 145 Ark. 205 do not deal with notice. When constructive notice is given, the statute must be strictly complied with. 30 Ark. 723. The record should show at least four weekly publications. 39 Ark. 61.

2. Affirmative action by the Commission was necessary before the rate could be in effect. 145 Ark. 205 and 110 Atl. 778 are not in point as this question. Sec. 7 of the act provides that no rates can be changed without authority of the Commission. No order was made in this case.

3. On the cross-appeal, the damages of $100 awarded to appellee was insufficient.

McCULLOCH, C. J. Appellant is a domestic corporation owning and operating the electric light plant at Harrison, Arkansas, and appellee, Citizens Ice & Storage Company, is an industrial consumer of electric current and a patron of appellant. Appellee claims the right under a contract with appellant's predecessor to obtain electric current for its manufacturing plant at the maximum rate of $400 per month. Appellant changed the rate on April 1, 1920, after having filed the same with the Corporation Commission, but appellee refused to pay the increased rate. Appellant then cut off the supply of electric current, and appellee instituted this action in the chancery court of Boone County to enjoin appellant from cutting off the current and to recover damages in the sum of $2,000 for the interference with its business in cutting off the current. Appellant answered, setting up its change of rates pursuant to the statutes and under au-

thority from the Corporation Commission.  On the final hearing of the cause, the chancery court decided that the change of rates was void for the reason that proper notice had not been given by appellant in accordance with the statute and rendered a decree in favor of appellee enjoining appellant from maintaining the increased rates and for the recovery of damages in the sum of one hundred dollars.

The contention of appellee in support of the court's decree is that the statute creating the Corporation Commission and conferring jurisdiction over public utilities requires that before a rate can be changed there must be an affirmative order by the commission authorizing it, and that there must be a notice published weekly for thirty days, and that the statute was not complied with in either of these respects.  We think that this is not the proper construction of the statute.  Crawford & Moses' Digest, chapter 37; Acts 1919, page 411.  The statute confers jurisdiction on the commission over all public utilities in the State with power to control and regulate rates of charges and other matters in connection with service to the public.  Section 7 of the act of 1919, which is section 1612 of Crawford & Moses' Digest, reads as follows:

"No person, firm or corporation subject to the provisions of this act shall modify, change, cancel or annul any rate, joint rates, fares, classifications, charge or rental, except after thirty days' notice to the commission and the public, which shall plainly state the changes proposed to be made in the schedule then in force and the time when the changed rates, fares or charges shall go into effect; provided, the commission may enter an order prohibiting such person, firm or corporation from putting such proposed new rates into effect pending hearing and final decision of the matter by the commission, and whenever there shall be filed with the commission any schedule proposing a change in any rates, charges or regulations, the commission shall have, and it is hereby given authority, either upon complaint or upon its own initia-

tive upon reasonable notice, to enter upon a hearing concerning the propriety of such rate, charge or regulation; and, pending such hearing, and the decision thereon, the commission, upon filing with such schedule, and delivering to the carrier or carriers or public service corporation affected thereby, a statement in writing of its reasons for such suspension, may suspend the operation of such schedule and defer the use of such rate or charge, but not for a longer period than six months beyond the time when such rate, fare or charge, or regulation would otherwise go into effect; and after full hearing, whether completed before or after the rate, charge or regulation goes into effect, the commission may make such order in reference to such rate, fare, charge or regulation as shall be deemed proper and just.  Provided, that if said commission shall suspend the operation of any such schedule, and defer the use of such new rate or charge, as herein described, then the person, firm or corporation making such new rate may file with the commission its bond, to be approved by the commission, conditioned that it will pay over in money to the commission for the use and benefit of the persons or patrons entitled thereto the difference between the sums it shall collect under such new rate and the sums which would have been collected under the rate finally adjudged reasonable and just, with interest upon such difference at the rate of eight per centum per annum.  Upon the filing of said bond, the order of the commission suspending such new schedule or charge shall become inoperative until final adjudication of the matter.''

It will be observed that, while the statute provides that no change in the rates shall be made ''except after thirty days' notice to the commission and the public,'' there is no specification as to the method in which the notice is to be given.  The contention of counsel for appellee is that the provision for notice in this statute is controlled by the provision of the statute with reference to the length of time for publishing legal notices (Craw-

ford & Moses' Digest, § 6809) ; but this contention is obviously unsound, for the reason that the section just cited only fixes the number of publications and does not supply any other defects in an imperfect provision for notice. The section we are now dealing with does not specify either the method or place of the publication. The only reasonable interpretation of the statute is that the framers meant that the filing of the schedule in the prescribed form with the commission was sufficient notice to the commission and to the public. This is in accord with our decisions to the effect that notice must be taken of all proceedings and regulations promulgated by public boards. *Kansas City Southern Ry. Co.* v. *State,* 90 Ark. 343; *Cazort* v. *State,* 130 Ark. 453. The statute is patterned, to a considerable extent, after the Federal statute creating the Interstate Commerce Commission and regulating its proceedings, and it has been decided, not only by the Interstate Commerce Commission, but also by the Supreme Court of the United States that the filing of a schedule of rates by a common carrier with the commission constitutes notice to the public and puts the new rates into operation. *Texas Railway Co.* v. *Cisco Oil Mill,* 204 U. S. 449; *Kansas City So. Ry. Co.* v. *Albers Comm. Co.,* 223 U. S. 573; *U. S.* v. *Miller,* 223 U. S. 579; *Berwind-White Coal Mining Co.* v. *Chicago & Erie Rd. Co.,* 235 U. S. 371. Nor does the statute require an affirmative order of the commission authorizing that the new rates be put into effect. The rates become effective upon the maturity of the period of thirty days specified in the schedule, unless there is an order of the commission suspending the rates pending a hearing. *Suburban Water Co.* v. *Borough of Oakmont* (Penn.), 110 Atl. 778.

Jurisdiction is conferred on the commission to institute an investigation on its own initiative or to grant a hearing on the protest of a patron. The fact that the changed schedule becomes effective does not deprive the patrons, however, of an opportunity to appear at any time to contest the rates fixed in the new schedule. The

rates thus established are not final, and it is the privilege of any patron or of the commission itself on its own initiative to contest the correctness of the rate. Considering the statute in this light, it is clear that the framers of the act did not intend to require the publication of a formal notice, nor that the commission should make an order before the rates became effective. It appears from the record in the present case that the commission made a ruling requiring that in cases of local public utilities there must be publication for two insertions in a weekly newspaper, and the proof shows that this rule of the commission was complied with.

We are of the opinion, therefore, that the schedule of increased rates promulgated by appellant was valid, and, the statute having been complied with, the new rates superseded any contractual rates theretofore established between the parties. There could be no valid contract as against the power of public control by the commission. It would not constitute an impairment of the obligation of the contract for the new rates to be put into effect under the control of the Commission. *Camden* v. *Arkansas Light & Power Co.,* 145 Ark. 205; *Clear Creek Oil & Gas Co.* v. *Fort Smith Spelter Co.,* 148 Ark. 260.

It follows that the decree of the chancery court is erroneous, and the same is reversed and the cause remanded with directions to enter a decree dismissing the complaint of appellee for want of equity, and for further proceedings not inconsistent with this opinion.