## RALEIGH SMOKELESS FUEL CO. v. VIRGINIAN RY. CO.
### No. 3007.

Circuit Court of Appeals, Fourth Circuit.

Sept. 19, 1930.

Sherlock Bronson, of Richmond, Va. (W. W. Goldsmith, of Beckley, W. Va., on the brief), for appellant.

W. C. Plunkett, of Norfolk, Va. (W. H. T. Loyall, of Norfolk, Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and WATKINS and SOPER, District Judges.

PARKER, Circuit Judge.

This action was instituted in the court below to recover demurrage amounting to $932 on cars of coal shipped by defendant from a point in West Virginia to Sewalls Point, Va. The case was tried by the court without a jury; and from a judgment in favor of the plaintiff railway company, the defendant has appealed.

There is no dispute as to the facts. The cars upon which demurrage is claimed arrived at South Branch yard near Norfolk, Va.; notice of arrival was duly given; and a delay in accepting delivery occurred which entitles plaintiff to the demurrage claimed, if the arrival at South Branch yard be held an arrival at destination. As to this, it appears that South Branch yard is a holding yard situated on the line of the plaintiff railway company, within twelve miles of Sewalls Point. It is not a station or billing point, but is used for holding cars until they can be unloaded at Sewalls Point, and has been used for this purpose ever since plaintiff has been a tidewater coal carrier. It is within a common switching district with Sewalls Point, and plaintiff maintains a constant movement of power over its line between the two, which is double tracked for practically the entire distance. To prevent congestion, cars of coal destined for Sewalls Point are held in storage by plaintiff in the yard until they can be dumped in vessels at the Sewalls Point piers.

We think that under any fair interpretation of the tariffs of plaintiff, "arrival at Sewalls Point" must be construed to include arrival at the yards within which it is customary to hold cars while same are waiting to be unloaded at Sewalls Point. As said by the Interstate Commerce Commission, in a case "on all fours" with the case at bar, Pocahontas Fuel Co. v. Virginian Railway Company, 144 I. C. C. 1:

"The tariff, in effect, provided for the sending of the notice of arrival at Sewalls Point and there was nothing in the tariff to specify the territory that was to be considered as Sewalls Point. But South Branch yard is within a common switching district with Sewalls Point; and for several years prior to the movement considered herein, notice of the arrival of cars at destination was sent by defendant to shippers of coal for transshipment beyond Sewalls Point, upon arrival of the cars at South Branch yard. It is evident, therefore, that South Branch yard

was considered as being within the term Sewalls Point, and that notice of arrival of cars at that yard was accepted by shippers of coal, including complainant, as a compliance with the provision of the tariff governing demurrage charges.

We think that the case of Berwind White Coal Mining Co. v. Chicago & E. R. Co., 235 U. S. 371, 35 S. Ct. 131, 132, 59 L. Ed. 257, is absolutely determinative of the case at bar. There cars billed to Chicago for reconsignment were held on storage tracks at Hammond, Ind., twelve miles from the terminals of the company. In overruling the contention that a delivery at this yard was not a delivery at destination which would entitle the company to demurrage, the court said:

"Conceding that a tariff concerning demurrage was filed, it is insisted it only authorized demurrage at destination, and the cars never reached their destination, but were held at a place outside of Chicago. The facts are these: The storage tracks of the railroad for cars billed to Chicago for reconsignment were at Hammond, Indiana, a considerable distance from the terminals of the company nearer the center of the city, but were convenient to the belt line by which cars could be transferred to any desired new destination, and the holding on such tracks of cars consigned as were those in question was in accordance with a practice which had existed for more than twenty years. Under these circumstances the contention is so wholly wanting in foundation as in fact to be frivolous."

We have given careful consideration to the well-prepared brief of counsel for appellant, but as we think that the decision of the Supreme Court from which we have quoted is determinative of the question involved, it is unnecessary for us to enter into a discussion of, or to distinguish, the decisions of the state courts upon which they rely.

Affirmed.