SOREN R. NELSON, APPELLANT, V. ADOLF HOKUF: LOUIS
MARGOLIN ET AL., APPELLEES.

299 N. W. 472

FILED JULY 29, 1941. No. 31178.

*Gross & Crawford* and *Harry L. Welch,* for appellant.

*Lee & Bremers* and *Richard E. Neill, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESS-
MORE and YEAGER, JJ.

SIMMONS, C. J.

This case presents a question of the liability of a landlord
for injuries to an invitee of the tenant.

The premises involved were leased by the defendants Mar-
golin to the defendant Hokuf and used as a beer parlor and
recreation center. The leased premises were about 25
feet wide and 70 feet long. To the right, on entering, was a
space devoted to a barber shop; to the left was the bar, cigar
and confectionary cases, and then a refrigerator. To the
left rear of the room were two toilets, built out into the
room and on the same floor level. The one in question had a
door opening outward from the toilet. Directly in front of
that door was the entryway into the basement. This was
covered by a trapdoor, so constructed that, when the door
was closed, the room presented a floor without obstructions.
When opened, however, the trapdoor was back against the
wall, and a three-foot by six-foot opening was in the floor,

immediately in front of the toilet door and beginning some eight or ten inches from that door. There were no guard-rails or warning signs around the trapdoor. There were no warning signs in the toilet. When the trapdoor was closed, the space above this opening, as well as other space in that part of the room, was used for chairs and tables for card-playing. The floor was made of wood, oiled and dark and uniform in color. A person using the toilet went across the closed trapdoor. The basement was used for storage. The lease of the premises provided that the tenant would make "no alterations or additions to, in, or upon said prem-ises" without the written consent of the landlord. The tenant, however, was to make "minor repairs" at his own expense. The premises were constructed as described herein when the lease was made, and the use to which the prem-ises were to be put was known at that time.

Plaintiff had been a customer of defendant Hokuf. On the morning in question he entered the establishment, pur-chased two cigars and went to the rear of the room, entered the toilet and closed the door. He did not know of the trapdoor. While plaintiff was in the toilet, an employee of defendant Hokuf opened the trapdoor and went to the base-ment to get a case of beer, leaving the trapdoor open. Plain-tiff opened the door of the toilet, stepped out and fell into the opening and incurred serious injuries.

There is a marked dispute in much of the evidence as to occurrences in the place that morning, including warning to the plaintiff of the opening of the trapdoor while he was in the toilet. Defendants Margolin moved for a dis-missal as to them, for the reasons that as to them (1) the plaintiff had failed to prove a *prima facie* case of negligence; (2) that he had failed to establish any negligence on their part which in any way contributed to the accident; (3) that the evidence established that the accident was caused solely by the negligence of the defendant Hokuf and the contribu-tory negligence of the plaintiff. The trial court sustained the motion.

The evidence must be considered, then, in the light of

the established rule that calls for this court to assume the existence of all material facts which competent evidence on behalf of the plaintiff tends to establish, and, in addition, give the plaintiff the benefit of the proper inferences therefrom. *In re Estate of Skade*, 135 Neb. 712, 283 N. W. 851.

The premises were being used by Hokuf for the purposes for which he leased them. The defendants Margolin knew of the use and obviously had placed the toilets there for the use of the tenant's patrons. Likewise the trapdoor was placed there to enable the tenant to use the basement in connection with his business. These facilities were being so used when plaintiff was injured. The attention of the defendants Margolin (through their agent) had been called to the dangerous situation existing with this trapdoor in front of the toilet door; that "it was dangerous that way, that something might happen there;" that a party had fallen in there and "that there should be something done about it so that it would prevent any further accidents;" but nothing was done about it. In *Van Avery v. Platte Valley Land & Investment Co.*, 133 Neb. 314, 275 N. W. 288, this court approved the following rules. "Subject to specific exceptions, the lessor of land is not liable for bodily harm caused to his lessee, or others upon the demised land with the consent of the lessee or sublessee, by any dangerous condition, whether natural or artificial, which existed when the lessee took possession." "Where, however, premises are leased for a public or semipublic purpose, and the lessor knows at the time of leasing that a dangerous condition exists thereon which renders the premises unsafe for the public use intended, the lessor is liable for injuries sustained by patrons of such lessee who, upon invitation express or implied, are admitted to such demised premises to make use of the same for the particular purpose for which it was leased."

It is conceded that the trapdoor was well constructed and in good repair, and that when closed there was no element of danger in the use of the premises. It is likewise apparent that, when the trapdoor was open, it created a dangerous

situation. It is also apparent that the use of the premises by the tenant contemplated that the trapdoor be opened, and the entryway to the basement be used, and that when opened, and especially when the toilet was being used as plaintiff was using it, an extremely dangerous condition existed. The landlord must have contemplated that the premises, including the toilet, would be used by patrons when the trapdoor was opened, as well as when it was closed. There is no evidence that the construction was such as to prevent the use of the premises exactly as they were being used when the plaintiff's injury occurred. The trial court erred in sustaining the motion of defendants Margolin. This error requires that the judgment be reversed and the cause remanded for further proceedings.

The plaintiff offered in evidence an ordinance of the city of Omaha. The trial court refused to admit the offered evidence. Plaintiff assigns this as error. It is not necessary nor deemed advisable to pass upon that question now.

REVERSED.