## UNITED STATES v. ARKANSAS POWER & LIGHT CO.
### No. 13569.

Circuit Court of Appeals, Eighth Circuit.

Jan. 7, 1948.

Melvin Richter, Atty., Department of Justice, of Washington, D. C. (Peyton Ford, Asst. Atty. Gen., and James T. Gooch, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., both of Little Rock, Ark., Edward H. Hicket, Sp. Asst. to Atty. Gen., and Hadley W. Libbey, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

W. H. Holmes, of Little Rock, Ark. (J. W. House, W. Horace Jewell, and Thomas C. Trimble, Jr., all of Little Rock, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The trial court dismissed the complaint of the United States against the Arkansas Power and Light Company without a hearing on the merits on the ground that the action was prematurely brought. From the Order and Judgment of dismissal, the United States appeals. The parties will be referred to as the plaintiff and the defendant.

The Amended Complaint alleges that the plaintiff and defendant entered into a contract February 20, 1945, by the terms of which plaintiff was to sell and defendant was to purchase electric energy produced at plaintiff's Norfolk hydroelectric plant at the rate stipulated in a written contract between the parties. That in consideration of the sale of this energy at the price stipulated, defendant was to reduce its retail rates 60 days after the execution of the contract to "the United States, its agencies and industries or activities financed in whole or in part by the United States (except REA Cooperatives) so as to effectuate a total reduction to such customers of at least $150,000 annually." It was further alleged that reductions were to be made to certain Rural Electric Cooperatives. The contract was by reference incorporated in the complaint. It provided that: "37. This agree-

ment, and all rights and obligations of both of the parties hereto, are expressly conditioned upon the granting of any and all necessary approvals, authorizations or consents of any commission or commissions, or other regulatory body or bodies, having jurisdiction in the premises."

The complaint proceeded to allege that plaintiff had performed all of the conditions imposed upon it by the contract but that defendant had failed to. perform its part of the agreement in that it had not filed any rate schedule reflecting the rate reductions with the Arkansas Public Service Commission and secured the Commission's approval thereof. The complaint alleged that plaintiff had been damaged by reason of defendant's alleged dereliction in the sum of $155,000. The prayer for relief was for an order requiring defendant to file rate schedules with the Commission reflecting the reductions and for damages in the amount above indicated.

The defendant answered the complaint, admitting the execution of the contract, but denying that it had failed to put into effect rate reductions provided for in the agreement or that it had failed to file the rate schedules referred to. The answer set forth the above-quoted paragraph 37 of the contract and alleged that the Arkansas Public Service Commission had jurisdiction of the approval of the contract, that defendant had on March 8, 1945, filed the contract with the Commission, made repeated efforts to obtain the Commission's approval, but that the Commission had not approved the agreement and, hence, the latter had not been finally consummated. The answer then proceeded to allege that a general investigation relating to the propriety of all of the rates of the defendant had been in progress prior to October 31, 1944. That while this inquiry was in progress and before it was determined by the Commission, plaintiff and defendant had reached the agreement referred to in the complaint but had not actually executed the formal contract. That at the time defendant and plaintiff reached their agreement, defendant was in the process of putting into effect a rate reduction of $975,000 ordered by the Commission on June 24, 1944, as a result of the general investigation, and that de-

fendant, pursuant to a specific understanding with plaintiff and by permission of the Commission, increased the rate reduction from $975,000 to $1,140,319 "with the specific purpose of causing the general rate reduction to reflect the specific rate reduction called for by the agreement" with plaintiff. Defendant alleged that the general rate reduction was approved October 31, 1944, and resulted in a rate reduction to the customers mentioned in the contract of more than $152,000 annually. The answer further alleged the filing of a separate rate schedule complying with the contractual requirement relative to Rural Electric Co-operatives. By cross complaint defendant asked for a reformation of the contract, changing its date from February 20, 1945, to October 31, 1944, upon the ground that it was upon the latter date when the agreement was actually made.

The plaintiff replied to the answer and cross complaint, flatly denying that the rate schedule filed by defendant on October 31, 1944, was intended or understood by the parties to be a compliance with the rate reductions provided for in the subsequently executed contract of February 20, 1945. In the reply, plaintiff admitted that defendant had filed a copy of the contract with the Commission but alleged that the filing of a rate schedule with the Commission was essential and had not been done. A number of other facts were alleged in the pleadings which, for present purposes, need not be stated.

The issue raised by the answer that the agreement between plaintiff and defendant had to be approved by the Commission before it was consummated was presented to the trial court on the briefs of the parties and by the Commission as amicus curiæ. It does not appear that any other issue was presented to the trial court. After due consideration that court entered its judgment in which the court states that " * * * the Court * * * finds that the agreement not having been approved by the Arkansas Public Service Commission in proceedings now pending before that tribunal, and that said Commission having jurisdiction over the Arkansas Power and Light Company in making and performing said agreement, has not exercised its jurisdic-

tion of approving or disapproving said agreement * * * this suit has therefore been prematurely brought by the plaintiff and should be dismissed."

Plaintiff contends that the facts stated in its complaint would entitle it to an order directing defendant to file a rate schedule for the Commission's consideration, reflecting the rate reduction specified in the contract. That argument is predicated upon the assumption that under the Arkansas Statute the initiation of a new rate by a utility is by the filing of a rate schedule which the Commission may by non-action permit to become effective or may suspend for consideration and subsequent approval or disapproval. See Harrison Electric Co. v. Citizen's Ice & Storage Co., 149 Ark. 502, 232 S.W. 932. Plaintiff may or may not be entitled to such an order. The answer to the question depends primarily upon the determination of an issue presented by the pleadings, but which was not called to the trial court's attention. The defendant flatly asserts that it has made the rate reduction referred to in the contract. If it has done so, it is because, as defendant contends, the rate reduction was included by agreement of the parties and with the consent of the Commission in the general rate reduction made on October 31, 1944. This, the plaintiff as flatly denies. That question involves a determination of what the contract actually was, and was for the court and not the Commission to decide. If it be determined that the rate reduction referred to in the contract had not been made, the facts stated in the complaint would entitle plaintiff to an order directing defendant to file a rate schedule reflecting the reductions called for by the contract. To do so will not interfere with the Commission's jurisdiction to determine the propriety of any rate reduction submitted. Under the Arkansas Statute at least two methods for initiating new rate schedules exist. One, where the new rate is ordered by the Commission after an investigation on complaint or its own motion. Pope's Digest of Statutes of Arkansas, § 2082. The other, when the new rate is voluntarily proposed by the utility. Pope's Digest, supra, § 2081. In the latter instance the Commission does not act until the rate schedule is filed by the utility. Harrison Electric Co. v. Citizen's Ice & Storage Co., 149 Ark. 502, 232 S.W. 932. In the present case it appears that the contract alone has been filed. If the trial court finds that the rate reduction agreed upon has not been made and plaintiff has complied with its obligations, plaintiff is entitled to require defendant to do all in its power to carry out its obligations under the contract. Watson Bros. Transp. Co. v. Jaffa, 8 Cir., 143 F.2d 340. Because of the procedure specified by Sec. 2081, supra, that obligation is not met by merely filing the contract in question with the Commission.

The record presents another reason for the desirability, if not the necessity, for remanding the cause. By the terms of the contract it was to continue in effect until six months after the date of the cessation of hostilities in the late war, as determined by the Proclamation of the President or by resolution of Congress. Subsequent to the Judgment of dismissal the President formally proclaimed the cessation of hostilities as of December 31, 1946. Hence, the contract appears to have been terminated. If it has been terminated, considerations bearing upon plaintiff's right to the relief sought now come into effect which did not exist at the time of the entry of the Judgment of dismissal. As this court has held, a complaint should not be dismissed on motion without a hearing on the merits "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583, 586.

For the reasons stated the cause is remanded for further proceedings not inconsistent with the conclusions herein stated.