## FREMONT CAKE & MEAL CO. v. WILSON & CO., Inc.

### Civ. No. 69–49.

United States District Court,
D. Nebraska, Omaha Division.

July 13, 1949.

Maxwell V. Beghtol and J. Lee Rankin (Beghtol & Rankin), of Lincoln, Neb., for plaintiff.

Yale C. Holland (Kennedy, Holland, De-Lacy & Svoboda), of Omaha, Neb., for defendant.

DELEHANT, District Judge.

The basic controversy by which this action is prompted is that involved in the case lately pending in this division of the court, in which the present defendant was plaintiff and the present plaintiff was defendant, and this court filed two opinions, one as of March 23, 1948, reported in 77 F. Supp. 364, and the other, in its separate parts, as of March 26, 1949, and April 1, 1949, reported in 83 F.Supp. 900. Both of those opinions contain statements, appropriate at the respective times of their preparation, of the history of the relations between the parties and of the pleadings in that action and in an action now pending between them in the District Court of Dodge County, Nebraska. Considered together, they reflect the course of the litigation up to April 1, 1949, with the exception of the pleadings, if any, following the filing of the petition in the action in the District Court of Dodge County, Nebraska. That history will not be repeated on this occasion.

With the case last mentioned pending and undetermined, the plaintiff on April 8, 1949 instituted this proceeding by the filing of a complaint in which it undertook to set out the history of the contract and controversy between the parties and their former litigation in this court, and that now pending in the state court, and prayed for the entry of an order, under Title 9 U.S. C.A. § 4, directing that arbitration proceed between the parties. Summons was issued on the complaint, and together with a notice of hearing on May 2, 1949 was served on the defendant on April 13, 1949. The notice was manifestly intended to comply with the provision touching notice in the

cited section of the statute. The defendant, on May 2, 1949, filed a motion to dismiss which it had served on April 30, 1949. That motion is before the court for ruling after its submission to the court upon typewritten briefs prepared by counsel for both parties. It offers several grounds for its allowance, including want of jurisdiction over the subject matter of the action and failure to state a claim upon which relief can be granted.

Two considerations impel the court to deny the motion. The first of these is a serious doubt whether such a pleading is contemplated by the statute within which this action is brought. Rule 81(a) (3), Federal Rules of Civil Procedure, 28 U.S. C.A., in association with the procedural provisions of Title 9 U.S.C.A. § 4, which seem to erect an abbreviated and summary procedure in cases brought under the section. The second involves a problem in judicial administration, and it may be stated shortly in this manner. Nearly, but obviously not quite, all of the facts essential to a final decision on the merits of this proceeding, including the problem of jurisdiction, are reflected in the complaint. Saying which, the court considers only the factual pleadings and not the legal conclusions set out in the complaint, and does not preclude the possible denial by the defendant of some of its factual averments. An answer may readily and easily bring the factual issues, if any remain, into focus and set out any additional or supplemental facts that may be considered to be material to the controversy. Among the latter are the pleadings filed and actions taken in the state court case following the filing of the petition in it. Mention is made of those items in the briefs, but they constitute no part of the record in this proceeding. Then, any factual uncertainties may be resolved, probably by stipulation of the parties, but if necessary by their prompt trial. And the case may, thereupon, be determined either on the jurisdictional question or on its merits.

It should be so decided; for the present practice in the United States Courts favors the determination of cases on their merits rather than upon the suffi- ciency of pleadings, and tolerates their disposition on motions to dismiss only where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him." Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Leimer v. State Mutual Assurance Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic and Pacific Tea Co., 8 Cir., 131 F.2d 419; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; United States v. Arkansas Power and Light Co., 8 Cir., 165 F.2d 354. The court is not unaware that the defendant in its motion asserts, and in its brief contends that precisely that impossibility of establishing facts supporting any recovery is affirmatively disclosed by the plaintiff's complaint. But its own argument rests in part upon facts neither pleaded in, nor necessarily inferable from, the complaint. Those, and any other relevant, facts should be gotten before the court promptly and with the least possible effort, and a single and final ruling should be made, whose review will also have finality. This suggestion is peculiarly appropriate in actions in which the tendering of issues by motion to dismiss is only dubiously allowable. And it has special pertinence where only few facts, if any, relevant to the merits of the issue before the court can possibly be in dispute and those are easily and simply presented.

At this point, the court is not at all interested in the facts bearing upon the existence or absence of liability of the plaintiff to the defendant for breach of contract. It is concerned only with the facts bearing on the plaintiff's right, if it has any, to resort to Title 9 U.S.C.A. § 4, upon which the court neither expresses nor intimates any opinion by this ruling.

Perhaps it is appropriate also to mention that it appears to the writer of this memorandum that, in its employment in this case, Exhibit "B" attached to the original complaint now before the court is a mistaken and irrelevant document. In para-

graph 7 of the complaint it is described as "A copy of the Commercial Arbitration Rules of the American Arbitration Association, as amended and in effect January 1, 1945". Actually, Exhibit "B" is something quite different, an ostensible copy of Voluntary Labor Arbitration Rules of the designated association, with which, as would appear, this case can not possibly be concerned. Besides, as the writer recalls, the booklet mentioned in Vol. 77 F. Supp. at page 367, and attached to the stipulation therein referred to, filed in the earlier case in this court was entirely different from the present Exhibit "B". If the suggestion now made be valid, the complaint should be amended accordingly before the time for service of the defendant's answer to it.

An order is being entered denying and overruling the motion to dismiss, but expressly reserving for determination, in its ruling upon the merits of the action, the legal questions tendered by the motion.