**IRWIN v. DINNEL et al.**

**No. 55–50 Civil.**

United States District Court, D. Nebraska, Lincoln Division.

Jan. 4, 1950.

against the moving defendant. Rule 12 (b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A.

The complaint attributes the plaintiff's injuries to a fall into an open pit sustained by him when, as a customer, he undertook to use the toilet or rest room facilities in a gasoline service station in the city of Mc-Cook. The open pit was allegedly produced for the time being when, in the course of repairing certain plumbing in the station, the defendant, Woodward, a local plumber removed from its permanent location in the floor just inside the rest room door a plumbing access panel and allowed the opening thus produced to remain unclosed, unbarricaded and unattended, with the station continuing meanwhile in operation and the rest room ostensibly usable. In place the panel constituted a segment of the regular floor of the room. At the time of the asserted injury, The Texas Company was the prime lessee of the premises, and the defendant Dinnel its sublessee in the actual operation and possession of the station. Woodward was engaged in the making of the plumbing repairs under isolated employment by Dinnel.

Concerning The Texas Company, the plaintiff alleges in substance that at the time it subleased the premises for the familiar purposes of a service station and continuously thereafter, the panel installation, regard being had to its location and purpose and the manner of its employment and to the use of the rest room constituted within the knowledge of The Texas Company a dangerous and hazardous condition, calculated to give rise to injuries of the sort sustained by the plaintiff.

For the purpose of the present ruling, the complaint has to be construed liberally towards the plaintiff. And the motion must be denied, unless it appears to a certainty that the plaintiff will be entitled to no relief under any state of facts which can be proved within the scope of the complaint thus generously regarded. Cool v. International Shoe Company, 8 Cir., 142 F.2d 318; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; United States v. Arkansas Power &

A. J. Laing, of Leadville, Colo., and C. Russell Mattson, of Lincoln, Neb., for plaintiff.

Lyle Holland (Chambers, Holland & Groth) of Lincoln, Neb., for defendant Lee Dinnel.

Leonard A. Flansburg and Charles H. Flansburg, of Lincoln, Neb., for defendant Lee Woodward.

George Healey (Davis, Stubbs & Healey) of Lincoln, Neb., for defendant Texas Co.

DELEHANT, District Judge.

In this action to recover a judgment in a sum largely exceeding $3,000.00 by way of damages for personal injuries, brought by the plaintiff, a Colorado citizen, against the individual defendants, citizens of Nebraska, and the corporate defendant, a Delaware corporation, The Texas Company moves to dismiss the complaint as to it on the ground of its asserted failure to state a claim upon which relief can be granted

Light Co., 8 Cir., 165 F.2d 354; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419. It need not be observed, or established by authority, that a complaint in this court will frequently be invulnerable to attack by a motion to dismiss for failure to state a claim supporting recovery, which, as a petition in a Nebraska state court, would be subject to a general demurrer. In the state court the petition, to withstand a demurrer, must assert facts which, if true, constitute a cause of action in favor of the plaintiff and against the demurring defendant. That need not be done by a complaint here.

■ Proceeding according to the practice which obtains in this court, but mindful at the same time of Nebraska's judicial position touching the tests of liability of a lessor (or sublessor) to customers of his lessee (or sublessee) using his public or semipublic premises in the manner contemplated in their erection and leasing, e. g. Nelson v. Hokuf, 140 Neb. 290, 299 N. W. 472, and Van Avery v. Platte Valley Land & Investment Company, 133 Neb. 314, 275 N.W. 288, the court is unable at the present point in the case to conclude with assurance and certainty that the plaintiff may not possibly present evidence within his complaint which will support relief against The Texas Company. Therefore, the motion before the court is being denied and overruled.

It may well be that, after and by means of appropriate discovery procedure, the immunity to liability of the moving defendant may be made clearly and conclusively to appear. If so, resources appropriate to the situation will then be available to that defendant under the rules. But the court must not, by way of unfounded anticipation of such a development, release from possible liability in the case, a defendant upon which admissible evidence may conceivably—although, it may be granted, improbably—fasten a responsibility for the plaintiff's alleged injury.